STANDARD BRANDS, INC. *v.* MOORE.

[No. 17,182. Filed December 22, 1943. Petition for rehearing withdrawn February 21, 1944.]

*Jones, Obenchain & Butler* and *Richard Kaczmarek*, all of South Bend, for appellant.

*Marvin A. Krueger* and *Henry L. Humrichouser*, both of South Bend, for appellee.

DOWELL, J.—Appellee, on October 24, 1942, filed his application for compensation on the Industrial Board's Form No. 9, alleging therein that on the ——— day of February, 1938, he received personal injuries by reason of an accident arising out of and in the course of his employment by appellant in selling and delivering merchandise in Michigan City, Indiana; that said injury resulted from his slipping on an icy pavement while returning to his truck with surplus merchandise, that he fell and struck the pavement with his buttocks and back; that the injury consisted of a fracture of the fifth vertebra which required a spinal fusion; that notice of the injury was served on the employer on July 30, 1941; and that notice was not served within thirty days because appellee's physician informed him that the injury was muscular only and would heal in a short time.

. From the evidence, including the stipulations, it appears that appellee, sometime during the third week of February, 1938, called at a bakery in Michigan City, Indiana, for the purpose of delivering merchandise leaving the company truck parked at the curb. On his approach to a sloping driveway at the curb his feet slipped from beneath him and he fell striking his buttocks upon the pavement. Although sick and nauseated he continued his route, driving to LaPorte and other points. Appellee continued to work, despite sickness and pain, and about two or three weeks after the accident consulted his personal physician who diagnosed his case as one of muscular strain and prescribed an analgesic which alleviated the pain only temporarily. Some time later, having informed an executive of his employer corporation as to his condition without, however, informing him as to the previous accidental fall, he obtained a loan of fifty dollars and went to Billings Memorial Hospital in Chicago for examination as the result of which he had his tonsils removed, following which he had some teeth extracted. During all of this time appellee continued to work except for those periods spent in procuring examinations and treatments as heretofore stated. Obtaining no relief from his pain, he consulted with another physician who sent him to Epworth Hospital for examination. This was on July 23, 1941, after which appellee was unable to work. As the result of this latter examination he consulted a specialist in Chicago. While in that city, and for the first time, he reported to his employer's representatives that he had fallen in Michigan City, in February of 1938. Appellee went to St. Luke's Hospital in Chicago, on October 5, 1941, his injury having been diagnosed as spondylolisthesis and submitted on the following day to a surgical operation consisting of a

lumbrosacral spine fusion extending from the third lumbar to the second sacral vertebrae by the use of cancellous bone grafts taken from the left ilium. Appellee, after a satisfactory convalescence was discharged to his home on November 2, 1941, and on December 5, 1941, entered the employ of another employer, completely recovered from his injury. The treatments, examinations and operations herein described were procured by appellee at his own expense or upon his own credit. Appellee upon examination before the hearing member of the Industrial Board testified that for several years prior to his accidental fall he had been in excellent physical health, played handball, wrestled and boxed at various gymnasiums and had been on the tumbling team of his local Y. M. C. A.

The award of the full Industrial Board was as follows:

"Said Full Industrial Board having heard the argument of counsel and reviewed all of the evidence in said case, and being duly advised in the premises therein, now finds that on or about the 1st day of February, 1938, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $30.00; that on said date said plaintiff sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which said accidental injury the defendant had knowledge but did not furnish any medical attention; that as a result of said accidental injury the said plaintiff did not become temporarily totally disabled until the 23d day of July, 1941; that the said plaintiff remained so disabled until the 4th day of December, 1941, on which said last date said plaintiff's temporary total disability terminated and he was able to return to work; and that, prior to the filing of the plaintiff's application, a good faith effort was made by said parties to adjust said claim which effort resulted in a disagreement between the parties.

"Said Full Industrial Board now finds for the plaintiff and against the defendant on plaintiff's application Form 9 for the adjustment of claim for compensation filed on the 24th day of October, 1942.

"IT IS THEREFORE CONSIDERED, OR-DERED AND ADJUDGED by the Industrial Board of Indiana that there be awarded the plaintiff as against the defendant compensation at the rate of $16.50 per week from the 31st day of July, 1941, to the 4th day of December, 1941, for plaintiff's temporary total disability as a result of an accidental injury sustained by him on the first day of February, 1938.

"It is further ordered that the defendant shall pay the reasonable, necessary, medical, surgical, hospital and nurse services incurred by the plaintiff as a result of said accidental injury for a period of 90 days beginning the 23d day of July, 1941."

The sole error assigned is that the award of the full Industrial Board is contrary to law.

The evidence, though conflicting, is sufficient to sustain the finding of the board that appellee sustained personal injuries by reason of an accident arising out of and in the course of his employment; and the rate of compensation fixed in the award was the result of a mathematical calculation based on the stipulations of the parties as to the average weekly wage of appellee.

With these matters thus disposed of there remains only the question as to whether appellee is precluded and his cause barred by reason of his failure to file his claim for compensation within the two-year period fixed by statute, and, if not, whether that portion of the award granting relief for reasonable necessary medical, surgical, hospital and nurse services can stand under the requirements of the statute and the decisions of the courts.

We have consistently held and have so held recently (See *Farmers Mutual Liability Company* v. *Chaplin* [1943], *ante,* p. 372, 51 N. E. [2d] 378, 896) ▮▮ that the term "injury" as used in § 24 of the Workmen's Compensation Act (§ 40-1224, Burns' 1940 Replacement, § 16400, Baldwin's 1934) means compensable disability and does not refer to the date of the accident from which the "injury" or compensable disability resulted. Adhering to this construction we must conclude that appellee's compensable disability occurred on July 23, 1941, that being the date on which appellee was disabled to the point where further work was impossible. This being true the filing of appellee's application for compensation was well within the period fixed by the statute and the award of compensation therefor must be sustained.

The award for medical, surgical, hospital and nurse services, however, presents a different question. Section 25 of the Workmen's Compensation Act ▮ (§ 40-1225, Burns' 1940 Replacement, § 16401, Baldwin's 1934) provides in part, as follows:

"During the first ninety (90) days after an injury the employer shall furnish or cause to be furnished, free of charge to the injured employee, an attending physician, for the treatment of his injuries, and in addition thereto such surgical, hospital and nurse's services and supplies as the attending physician or the industrial board may deem necessary."

To sustain the award of the board with respect to these services we are called upon by appellee to enlarge upon the legislative intent expressed by the term "injury" as used in § 25 and to broaden its scope by giving to it the construction and effect which a long and unbroken line of precedents has given the term as used in the preceding section. We are constrained to the

opinion that if there be necessity for such enlargement, the prime duty with respect thereto rests with the Legislature and is within its especial province. If inconsistency be asserted in that one construction of the term is adopted as in the one section of the act and another in the subsequent section it may be repeated that such construction in the one instance is compelled by a line of court decisions unbroken over a period of many years while in the other no such controlling force exists. The few decisions of the courts which bear upon the term "injury" as used in § 25 indicate an unwillingness to broaden its application beyond the limit of legislative intent which the terms of the statute make clear.

We must hold, therefore, that the necessity for medical, surgical, hospital and nurse services arises when first sought and obtained by the injured person after his accident and that the ninety-day period during which the employer is liable for such services begins to run from that date.

In the instant case appellee sought and obtained such services on March 15, 1938. That he did so at his own expense can in no wise bear with any weight upon the matter. We must presume that appellee knew that he had the right to report his accident to his employer and to insist that such services be made available to him for ninety days at the employer's expense. If he chose to disregard his rights under the Workmen's Compensation Act, he had a right to do so, but by so doing he could not enlarge or extend his employer's liability therefor.

We, therefore, hold in the instant case, that the period of the employer's liability for medical, surgical, hospital and nurse services began to run on March 15, 1938, and continued for ninety days thereafter and no

longer. And when, after this time, a more serious condition developed as a direct result of the accident which required further medical, surgical, hospital or nursing care, the employer, appellant, was not liable for such subsequent medical expense. *Farmers Mutual Liability Co.* v. *Chaplin* (1943), *ante,* p. 372, 51 N. E. (2d) 378, 896 and cases therein cited.

Reversed and remanded for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 51 N. E. (2d) 865.