MONTGOMERY WARD *v.* ALDER.

[No. 20,746. Filed December 27, 1967. No Petition For Rehearing Filed.]

* "Custody" is the care and keeping of anything. Black's Law Dictionary, Fourth Edition.

*Lucas, Clifford & Wildermuth,* of Gary, *Thomas H. Clifford, Jr., William F. Kane, Jr.,* and *Locke, Reynolds, Boyd and Weisell,* of Indianapolis, for appellant.

*Kaplan & Gastevich,* of Gary, for appellee.

CARSON, C. J.—This appeal comes to us from the Industrial Board of the State of Indiana.

The Form No. 9 claim on behalf of the appellee was originally filed with the Industrial Board on the 24th day of February, 1965. Hearing was had before the hearing member on May 26, 1966, and reviewed by the Full Industrial Board on the 15th day of February, 1967. The transcript and assignment of errors was filed in the Office of the Clerk of the Supreme and Appellate Courts on the 21st day of March, 1967. Appellant's brief was filed on June 14, 1967, and the appellee's answer brief was filed on the 19th of July, 1967, and the cause distributed to this court for review on the 5th day of September, 1967.

This cause, being on appeal from the action of the Industrial Board, we sit as a court of review rather than as an appellate tribunal. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Kupfer et al.* v. *Board of Zoning Appeals of Indianapolis* (1959), 130 Ind. App. 55, 162 N. E. 2d 110; *Mills; Castor* v. *City of Winchester* (1959), 130 Ind. App. 397, 162 N. E. 2d 97. The Full Board, on review, found that the defendant-appellant should pay all of the medical expenses incurred by the plaintiff-appellee after the 23rd day of October, 1965; that it should pay attorneys' fees; that it should resume the payments of temporary total disability at the rate of thirty ($30.00) dollars per week beginning on the 26th day of August, 1965, and to continue until terminated in accordance with the provisions

of the Workmen's Compensation Law. From this award of the Full Board, the defendant-appellant appealed and assigned as error in the transcript, "[t]hat the findings and award of the Full Industrial Board of Indiana is contrary to law."

We have carefully reviewed the specifications and argument set out in the appellant's brief in support of the above assignment of errors. This court has previously held that if there is substantial evidence of probative value to support the award of the board, that the award will be sustained.

Applying this test, then, we apply the language of our Supreme Court in the case of *Seal* v. *State* (1965), 246 Ind. 353, 205 N. E. 2d 823, at page 825:

"The second specification of the motion for a new trial was that the verdict of the court is contrary to law. On the authority of Bowens v. State (1952), 231 Ind. 559, 109 N. E. 2d 91 and Weaver v. State (1963), 243 Ind. 560, 565, 187 N. E. 2d 485, 488, we are of the opinion that the finding of the court in the case at bar is not contrary to law."

We conclude that the award of the Full Board was not contrary to law and that the same should be affirmed.

Award affirmed.

Cooper, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 825.