LEWIS *v.* MARHOEFER PACKING COMPANY.

[No. 867A43. Filed August 29, 1969. Rehearing denied September 22, 1969.]

*Archie Lapin* and *Donald H. Dunnuck,* of counsel, of Muncie, for appellant.

*Kightlinger, Young, Gray & Hudson,* of Indianapolis, for appellee.

CARSON, J.—This is an appeal from a ruling of the Industrial Board, dismissing plaintiff's Form 9 Application after the defendant-appellee filed an answer in abatement.

The record discloses that the appellant was employed by the appellee at its meat packing plant in Muncie, Indiana; that on April 3, 1963, while he was welding with an acetylene torch, he sustained flash burns to both eyes; that appellee furnished medical care and treatment, paid appellant temporary total disability; that appellee also paid appellant for loss of time from work and mileage and expenses for travel to doctors for examination and treatment.

Appellant filed his Form 9 Application on July 22, 1966, and on October 18th, appellee filed answer in abatement on which hearing was held December 20, 1966, at which time appellee's answer was sustained and appellant's Form 9 Application dismissed.

Subsequently, appellant filed petition for review by full board and also a motion to vacate or modify the board's order both of which were overruled. The appellant assigned error in that the award of the board was contrary to law and set out that the questions presented were:

"1. that the Industrial Board erred in sustaining the Plea and Answer in Abatement and in dismissing Appellant's claim Form 9, and 2. erred in overruling Plaintiff's motion to amend or overrule the award of the Hearing Member."

While the record shows that the defendant-appellee filed what it designated as a plea in abatement, the board treated this as a special answer and set the one issue which was

raised by the plaintiff-appellant's Form 9 and the answer filed by the defendant-appellee for hearing.

The record is clear that the alleged accidental injury on which the plaintiff is making his claim under the Form 9 occurred on the 3rd day of July, 1963, and the Form 9 was not filed until July 22, 1966. The statute controlling the time within which the form must be filed was amended in 1947 and further amended in 1961, and the statute, as amended, reads as follows:

"40-1224. Limitation for filing claim.—The right to compensation under this act shall be forever barred unless within two [2] years after the occurrence of the accident, or if death results therefrom, within two [2] years after such death, a claim for compensation thereunder shall be filed with the industrial board: Provided, however, That in all cases wherein an accident or death results from the exposure to radiation a claim for compensation shall be filed with the industrial board within two [2] years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment. [Acts 1929, ch. 172, § 24, p. 536; 1947, ch. 162, § 2, p. 523; 1961, ch. 101, § 1, p. 202.]"

We would point out that the statute in question, when it was amended, substituted the words, "occurrence of the accident" for the words, "the injury."

All of the cases cited by the appellant in his brief were decided under the statute prior to the amendment.

Appellant's argument, to the effect that statute should be construed to extend time for filing, is contrary to the obvious intent of the legislature. The courts had construed the language of the statute prior to the 1947 amendment to allow filing long after the date of the events which produced the injury. The legislature by the 1947 amendment, nullified this case law and clearly expressed its intent to redefine the beginning of the limitation section of the statute.

Giving the statute the construction to which plain and ordinary words are entitled, we cannot see how the filing of a claim more than two years after the "occurrence of the accident," could be timely filed under the statute as amended.

As we examine appellant's argument and citation of statutes, cases and text material, it is obvious that he is treating the acts of the appellee, as hereinbefore set out, as constituting payments under an award. The record does not, in our opinion, sustain this position. The record does not show a previous filing for this injury, or an agreement between appellant and appellee fixing dates and facts to support a temporary total award. The appellant alludes to certain testimony of the insurance agent which appellant argues support his position. He does not support this conclusion sufficiently for us to override the finding of the board.

The appellant argues that these acts of the appellee tolled the statute of limitations. While the appellant has not fully complied with the requirements of Rule 2-17, Rules of the Supreme Court of Indiana, he has presented us with sufficient argument so that we may consider this question as raised by the appellant.

The question as presented and argued by appellant would require us to weigh the evidence on which the board's finding is based.

This court has held that we sit as a court of review and we are bound only to consider the evidence most favorable to the appellee and which will sustain the award of the board if there is substantial evidence from which reasonable minded men could have reached the same conclusion arrived at by the board. *Montgomery Ward (Village Center Branch)* v. *Alder* (1967), 141 Ind. App. 692, 231 N. E. 2d 825; and, *Kupfer et al.* v. *Board of Zoning Appeals of Indianapolis* (1959), 130 Ind. App. 55, 162 N. E. 2d 110.

Giving effect then, to the entire record, and applying these tests, we conclude that the evidence before the board, does

sustain the finding and award of the board and the same is affirmed.

Award affirmed. Costs v. appellant.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 375.