HUFFMAN *v.* STATE SIGN COMPANY.

[No. 769A121. Filed October 16, 1969. No petitions for rehearing or transfer filed.]

*Duane W. Hartman, Blachly & Tabor,* of Valparaiso, for appellant.

*Donald E. Scholl, Murphy, McAtee, Murphy & Constanza,* of East Chicago, for appellee.

SHARP, J.—In this case we must interpret Burns' Indiana Statutes Annotated, § 40-1224, which states:

"Limitation for filing claim.—The right to compensation under this act shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a

claim for compensation thereunder shall be filed with the industrial board: Provided, however, That in all cases wherein an accident or death results from the exposure to radiation a claim for compensation shall be filed with the industrial board within two (2) years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment. [Acts 1929, ch. 172, § 24, p. 536; 1947, ch. 162, § 2, p. 523; 1961, ch. 101, § 1, p. 202.]"

The Appellant filed his Form 9, Application for Relief, with the Industrial Board on September 7, 1965, alleging disability from an accident which occurred on January 6, 1959, but which disability did not manifest itself until September 8, 1963. The Industrial Board dismissed Appellant's application finding that said application was not filed before January 7, 1961, and hence was barred by the statute of limitations as found in Burns' Indiana Statutes Annotated, § 40-1224. The sole assignment of error here is that the decision of the Industrial Board is contrary to law.

Prior to 1947 this section of the statute barred claims unless filed within two years "after the injury." In 1947, the statute was amended providing claims were barred unless filed two years "after the occurrence of the accident." The proviso with reference to radiation injuries was added by Acts 1961, chapter 101, § 1. There is no contention here that Appellant's condition is in any way connected with radiation.

The legislative intent of § 40-1224 is clear. With the exception of radiation injuries, the right is forever barred unless a claim is filed within two years after the occurrence of the accident or if death results, within two years after such death. This interpretation was clearly inferred in *Railway Express Agency* v. *Harrington,* 119 Ind. App. 595, 88 N. E. 2d 175 (1949), and explicitly stated by this court in *Lewis* v. *Marhoefer Packing Co.,* 144 Ind. App. 220, 245 N. E. 2d 685 (1969). See also Small, Workmen's Compensation Law of Indiana, § 12.3.

Therefore, the Appellant's claim was barred by the statute of limitations as found in Burns' Indiana Statutes Annotated, § 40-1224.

The decision of the Industrial Board shall be and is affirmed. Costs v. Appellant.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 489.