**Frank BOGDON, Plaintiff-Appellant,**

v.

**RAMADA INN, INC.,
Defendant-Appellee.**

**No. 2–480A105.**

Court of Appeals of Indiana,
First District.

Feb. 3, 1981.

John A. Hovanec, Gary, for plaintiff-appellant.

James E. Schreiner, Tinkham, Schreiner & Bloom, Hammond, for defendant-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant Frank Bogdon (Bogdon) seeks review of a negative award entered by the Full Industrial Board of Indiana (the Board) which denied him compensation for an alleged injury to his back, suffered while he was an employee of defendant-appellee Ramada Inn, Inc. (Ramada).

This cause was presented to us previously, and on November 25, 1980, we entered an unpublished opinion directing the Board to file amended findings of fact and conclusions of law. This was accomplished on December 17, 1980. This opinion is directed to the merits of the appeal.

We reverse.

## STATEMENT OF THE FACTS

The evidence consists of certain stipulations of the parties and the testimony of Bogdon. Bogdon was employed as a maintenance man with Ramada in Lake County. In January of 1977 Bogdon injured his back while unloading a truck in the course of his employment. His characterization of the injury was, "I thought I had pulled a muscle in my back." From that time until March 31, 1977, he continued to work, but his back bothered him. One leg had numbness in it, but he thought it might by a muscle spasm and did not consult a physician. On March 31, 1977, while carrying a television set in the course of his employment, he felt pain in his back and a burning sensation in his left leg which he described as "like needles." That night he had severe pains in his back and felt paralyzed. He entered the hospital the next day and remained there eleven days for examination. His injury was diagnosed as a herniated disc. He reentered the hospital on May 25, 1977, and a lumbar laminectomy was performed. Prior to the January incident Bogdon was a fit and healthy man, but the evidence now discloses a partial permanent impairment of fifteen percent of the man as a whole. He was released by his physicians to go back to work on September 9, 1977.

Bogdon gave oral specific notice to the then manager of Ramada of the January incident, but did not give any specific notice to the manager regarding the March 31 incident. Bogdon did not ask for or receive any prior authorization from Ramada for the medical treatment he received, but re-

tained his own physicians. However, Ramada's housekeeper and other employees and staff knew of his injuries, and the housekeeper even visited him in the hospital. Ramada also paid him his sick pay and vacation pay. There was no evidence in the record whatsoever that Ramada was prejudiced by want, failure, defect, or inaccuracy of any notice.

Bogdon filed his Form 9 application with the Board on November 16, 1977, alleging his back injury occurred on March 31, 1977. Hearing was held on June 19, 1979, before a single hearing member. At the conclusion of Bogdon's evidence, Ramada moved for a finding in its favor. The motion was based upon lack of notice of the alleged March 31 incident and Bogdon's failure to obtain from Ramada prior authorization for medical treatment. The single hearing member granted the motion and explained his reasons as follows:

"... I have real problems with the application, the question of notice and problems of authorization of medical. I have problems with the first occurrence now being the alleged occurrence of 1977...."

On June 28, 1979, the single hearing member entered his formal order, a negative award, and in the findings assigned the following reason, solely, for his decision.

"... and further finds that on the 31st day of May, 1977, plaintiff, while in the employ [of] defendant at an average weekly wage of $100.00 per week did not sustain an accidental injury arising out of and in the course of his employment by defendant herein, and is, therefore, not entitled to temporary total disability, permanent partial impairment, or medical reimbursement."

Bogdon filed his Form 16 application for review by the Board on July 7, 1979. Thereafter, on July 10, 1979, the single hearing member entered a corrected award, *sua sponte*, in which he changed in the findings quoted above the word *May* to *March* to reflect the proper date of the incident. Bogdon filed no Form 16 application to the corrected award. On March 18, 1980, the Board entered its findings and order in which it merely adopted the decision of the single hearing member without stating any reasons or findings of its own.

Pursuant to our order, the Board filed additional negative findings as follows:

"That plaintiff failed to meet his burden of proof in establishing by extrinsic evidence the existence of a fact to logically determine the date of alleged incident being January, 1977 or March 31, 1977, if one occurred."

## ISSUES

Bogdon perfected his appeal to this court from the order of the Board, and his general assignment of error is that the negative award of the Board is contrary to law. This assignment consists of *three* subsidiary arguments which we will treat separately, as follows:

I.   Notice of injury;

II.  Progressive injury—date of disability;

III. Corrected order.

## DISCUSSION AND DECISION

Our reading of the original order and additional negative findings of the Board discloses the single hearing member did not believe Bogdon's testimony that he was injured on March 31, 1977, but did believe he may have been injured in January of 1977. Further, the Board determined that Bogdon failed to carry his burden of proof of proper notice according to Ind.Code 22–3–3–1, and that such failure was fatal to his case. Insomuch as the single hearing member entered a judgment at the close of Bogdon's evidence, it reflects that he, and the Board, misapplied the law regarding notice and date of injury.

*Issue I.   Notice of injury*

Ramada asserts that Bogdon's failure to prove specific notice, or to prove Ramada's manager was aware of his March 31, 1977, injuries, bars any recovery. Ind.Code 22–3–3–1 provides:

"Unless the employer or his representative shall have actual knowledge of the

occurrence of an injury or death at the time thereof or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practical after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.

Unless such notice is given or knowledge acquired within thirty (30) days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative, and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudices."

■■■ The plain words of the statute provide that lack of notice given to an employer, or the employer's lack of knowledge of his employee's injury, does not bar an employee's claim for compensation unless it can be shown by the employer that he was prejudiced thereby, and then only to the extent he was prejudiced. The burden of proof to show prejudice is on the employer. *State v. Gageby*, (1933) 95 Ind.App. 681, 184 N.E. 190. Since Ramada presented no evidence of prejudice, the Board erroneously determined this issue adversely to Bogdon.

### Issue II. Date of injury

Ramada argues Bogdon proved by his own evidence that the injury had occurred in January of 1977 and not, as alleged in the Form 9 application, on March 31, 1977. Bogdon contends that the January incident and March 31 incident were inseparably connected, and that the latter was merely a culmination of the former, resulting in disability commencing on March 31, 1977. Bogdon cites *Hornbrook-Price Co. v. Stewart*, (1918) 66 Ind.App. 400, 118 N.E. 315, in support of his argument. That case involved facts quite similar to those here. Plaintiff was injured in June of 1916, and

sustained a hernia; his foreman was informed of the injury. With the aid of a truss, Plaintiff continued to work until January, 1917, when, because of the worsening condition of the hernia, he was forced to quit work. He served the statutory notice to his employer on February 7, 1917. Defendant argued that timely notice was not given. The court stated, 66 Ind.App. at 403–404, 118 N.E. 315:

"It should be observed that the injury is the thing of which notice is to be given and that the time is to be reckoned from the occurrence of the injury. The accident causing Stewart's rupture occurred the latter part of June, 1916, but was of such a character that it did not immediately disable him. With the aid of a truss he continued to work for the same employer for a period of six months thereafter. During all this period his superiors knew of his condition and recognized it be giving him lighter work. In January, 1917, because of the aggravated condition of his rupture, he became totally disabled and was obliged to quit the work. Under these circumstances it must be held that the real injury did not develop until January, 1917."

Ramada cites no authority that contradicts *Hornbrook-Price Co.*, and our research has disclosed none. Ramada responds only that the case is 62 years old, and that the workmen's compensation statutes have been amended since that time. Ramada does not enlighten us as to why the principle applied in *Hornbrook-Price Co.* does not apply here, or how any change in the statutes has rendered it invalid.

■■ We are of the opinion that the authority stated in *Hornbrook-Price Co.* control here. Not all injuries are subject to immediate detection or sudden disability; some are progressive in nature. The initial pains may or may not be symptomatic of a more serious injury. The fact that workman continues to work and refuses to succumb to aches and pains until his condition progresses to a state of disability is no reason to penalize him. We are of the opinion that, as in *Hornbrook-Price Co.*,

such a progressive injury is to be treated as one, the effective date being the point of disability.

As a result of what we have said above, Ramada's argument relative to the two year statute of limitation contained in Ind. Code 22–3–3–3 is untenable. Bogdon filed his Form 9 application well within two years.

*Issue III. Corrected order*

■ Ramada argues Bogdon did not file a Form 16 application for review of the single hearing member's corrected order of July 10, 1979, therefore he has preserved no issue for appeal. Ind.Code 22–3–4–7 requires the filing of the Form 16 application for review before the Board within twenty days after the award entered by the single hearing member. Ramada claims that the Form 16 application must be filed after a final award is entered, and that the June 28, 1979, award was not final. It is true that a late filing of a Form 16 application for review by the Board confers no jurisdiction on the Board or the Court of Appeals. *Gould Motor Company v. Vierra*, (1959) 129 Ind.App. 410, 157 N.E.2d 204. We are of the opinion that the corrected award, entered *sua sponte* by the single hearing member to correct the word *May* to *March*, was simply a correction of a typographical error. We see no reason why the Board may not correct mistakes in their record as does a court. A court's correction of an error *nunc pro tunc* relates back to the time of the original entry. *Ford v. State*, (1979) Ind.App., 390 N.E.2d 676.

For the reasons stated above, this cause is reversed and the Board is ordered to grant a new hearing of the entire proceedings in a manner not inconsistent with this opinion.

Reversed.

ROBERTSON and RATLIFF, JJ., concur.