**Samuel R. INGRAM,
Appellant (Plaintiff),**

v.

**LAND–AIR TRANSPORTATION COMPANY, d/b/a C & S Petroleum Company, and USF & G Insurance Company.**

No. 93A02–8811–EX–412.

Court of Appeals of Indiana,
Second District.

May 2, 1989.

Morris L. Klapper, Indianapolis, for appellant.

Kristen K. Rollison, Locke Reynolds Boyd & Weisell, Indianapolis, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant Samuel R. Ingram (Ingram) appeals from the Full Worker's Compensation Board's adoption of its Single Hearing Members decision that Ingram's claim against defendant-appellee Land–Air Transportation Co. (Land–Air) was not timely filed.

We affirm.

## FACTS

The facts most favorable to the judgment reveal that Ingram was injured as a result of an accident that occurred in January 1985 while he was an employee of Land–Air. Ingram was employed as a tanker truck driver. The accident occurred when Ingram fell ten feet from the top of a ladder on the back of his truck and struck his right shoulder on the truck's bumper. After notifying his employer, Ingram was sent to St. Vincent's Hospital in Indianapolis where he was examined and x-rays were taken of his right shoulder. Ingram was told there was no serious injury, given aspirin, and returned to work.

Over the next several years Ingram continued to feel pain and discomfort, and his condition steadily worsened. In December 1987, when the pain became disabling, Ingram consulted a physician. The doctor took x-rays of both shoulders and compared them with the x-rays taken of his right shoulder at the time of the accident. The doctor determined that Ingram's injury was obvious in the first x-ray, but went unnoticed because the physicians at St. Vincent's Hospital failed to x-ray both shoulders for comparison. He also determined that the injury was of a disabling nature and would not improve without surgery.

Ingram filed his Form 9 application with the Industrial Board (which has since been renamed the Worker's Compensation Board, 1988 Ind. Acts Pub.L. No. 28–1988) on January 4, 1988. On June 2, 1988, Single Member John A. Rader of the Industrial Board issued his Findings of Fact and Conclusions of Law, which determined that Ingram's complaint was not timely filed. He then ordered the case dismissed for want of jurisdiction. Ingram appealed that

before us, nor should this opinion be construed as speaking to that subject.

decision to the Full Worker's Compensation Board, and on October 14, 1988, the Full Board adopted and affirmed the Single Hearing Member's decision.

## ISSUE

Ingram raises a single issue on appeal, which we restate as:

Was Ingram's claim timely filed?

## DECISION

PARTIES' CONTENTIONS—Ingram argues that a claim should be considered timely if it is filed within the time limitation after the injury becomes manifest. Land–Air counters that the relevant statute specifically provides that the beginning of the time limitation is the occurrence of the accident, and therefore Ingram's claim was not timely filed.

CONCLUSION—The time limitation begins when the accident occurs.

The worker's compensation board properly determined Ingram's claim was not timely filed. Ingram contends that by literally interpreting Ind.Code 22–3–3–3 [1] to require filing of a claim within two years of the occurrence of an accident, without regard as to whether the injury has become manifest or disabling, an extreme hardship is placed on workers with latent injuries and is therefore anomalous with the statute's remedial purpose. Ingram points out that a vast majority of United States jurisdictions have recognized this dilemma and provide for filing after the need for a claim becomes manifest. Ingram claims it is unfair to require a claimant to file before he is aware he has sustained a debilitating injury. While we acknowledge the logic and reasonableness of Ingram's argument, we must recognize that Indiana is among the minority of jurisdictions that require filing within the time limitation of the *accident*, not the *injury*.

Prior to 1947, Indiana followed the majority view and allowed claims to be filed within the time limitation after the injury became manifest, not when the accident occurred. *See e.g. Standard Brands, Inc. v. Moore* (1944), 114 Ind.App. 500, 51 N.E. 2d 865; *Farmer's Mutual Liability Co. v. Chaplin* (1944), 114 Ind.App. 372, 51 N.E. 2d 896.

However, in 1947, the legislature amended the then Worker's Compensation Act of 1929 and changed the statutory language that triggered the beginning of the time limitation from "the injury" to "occurrence of the accident", the present statutory language. 1947 Ind.Acts c. 162, s. 2. This court has consistently determined that this change requires a claim to be filed within two years of the occurrence of the accident, without regard to when the injury became manifest. *See Huffman v. State Sign Co.* (1969), 145 Ind.App. 486, 251 N.E.2d 489; *Lewis v. Marhoefer Packing Co.* (1969), 145 Ind.App. 225, 250 N.E.2d 375. The court in *Lewis* said:

"The courts had construed the language of the statute prior to the 1947 amendment to allow filing long after the date of the events which produced the injury. The legislature by the 1947 amendment, nullified this caselaw and clearly expressed its intent to redefine the beginning of the limitation section of the statute."

*Lewis, supra* at 227, 250 N.E.2d at 376.

Ingram argues the more recent case of *Bogdon v. Ramada Inn, Inc.* (1981), Ind. App., 415 N.E.2d 767, supports his contention that his claim was timely filed. This court in *Bogdon* did consider the issue of the time of the injury, and concluded that for progressive injuries the time of the injury is when it becomes manifest or disabling. However, that determination is ir-

---

1.  IC 22–3–3–3:
    "The right to compensation under IC 22–3–2 through IC 22–3–6 shall be forever barred unless within two (2) years after *the occurrence of the accident,* or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board. However, in all cases wherein an accident or

    death results from the exposure to radiation, a claim for compensation shall be filed with the board within two (2) years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment." (Emphasis supplied).

relevant to our present consideration because, as indicated above, the beginning of the limitation is the *occurrence of the accident* not the *time of the injury.* The *Bogdon* court was dealing with a different statutory provision, Ind.Code 22–3–3–1,[2] which required notice to the employer within thirty days of the *date of the injury.* The plaintiff in *Bogdon* was in an accident in January 1977, and he filed his Form 9 application in November 1977. The issue we are considering, therefore, was not present in *Bogdon.*

We are aware that our decision works a hardship on Ingram, and others similarly situated, a hardship that can only be remedied by the legislature which created it.

Judgment affirmed.

SHIELDS and CONOVER, P.JJ., concur.

---

**2.** IC 22–3–3–1:

"Unless the employer or his representative shall have actual knowledge of the *occurrence of an injury* or death at the time thereof or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practicable after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.

Unless such notice is given or knowledge acquired within thirty (30) days from the *date of the injury* or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative, and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudices." (Emphasis supplied).