**UNION CITY BODY COMPANY, INC.,**
Defendant–Appellant,

v.

**Jim LAMBDIN, Plaintiff–Appellee.**

No. 93A02–8710–EX–413.

Court of Appeals of Indiana,
Third District.

April 4, 1991.

Robert A. Fanning, Locke Reynolds Boyd & Weisell, Indianapolis, for defendant-appellant.

Linda Stemmer, McCoy, Husmann & Stemmer, Union City, for plaintiff-appellee.

GARRARD, Judge.

This case concerns the transition in worker's compensation law occasioned by our supreme court's decision in *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969. Prior to that decision on April 15, 1986, our decisions generally imposed the requirement of *an* accident, a specific, identifiable untoward event, for a worker's injury to be compensable. As stated by the *Evans* court:

> In practical terms, the issue is whether injury is accidental [within the meaning of the act] when it is the unexpected consequence of the usual exertion or exposure of the particular employee's job[.]

491 N.E.2d 974. The court held the answer to that question is yes.

In the present case the Board found that the claimant, Lambdin, became gradually permanently and totally disabled as the result of the bending, twisting, stooping and lifting he did while working for his employer. The medical evidence clearly supports the causative relation between Lambdin's employment duties and the ultimate result. The issues presented on ap-

**374**

peal largely concern whether Lambdin should have been permitted to litigate this claim. Otherwise, the injury was compensable under *Evans.*

Lambdin worked for Union City Body Company (Union) from September 4, 1963 until September 14, 1982. On October 15, 1980, he suffered an acute lumbrosacral sprain and was off work until December 3. He continued working and experiencing lower back pain until December 14, 1981 when he experienced a severe, stabbing pain accompanied by a loud snapping sound and the inability to straighten up. He saw Dr. Leakey and returned to work the next day. He then worked until September 14, 1982 although he continued to experience back pain. He then became totally disabled.

On September 10, 1982 he filed his original Form 9 application with the Board. Hearing was commenced on May 14, 1986 and was scheduled to reconvene on June 13. Lambdin filed a petition to amend his Form 9 to state a claim under *Evans.* (*Evans* was decided April 15, 1986 and rehearing was denied June 5). The Board allowed the amendment and, ultimately, the award now appealed from.

The core of Union's argument, advanced in multiple assertions, is that Lambdin was barred by the statute of limitations from asserting an *Evans*-type claim.

■ Union first asserts that the Board erred in applying the relation back procedure of Trial Rule 15(C) to Lambdin's amended claim. We disagree. While it is true that the trial rules are not imposed upon administrative boards, *Clary v. National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53, that does not preclude the agency from electing to follow them. Indeed, the Worker's Compensation Board has expressly adopted Trial Rules 26 through 37. 631 I.A.C. 1–1–3 provides that the Board will not be bound by technical rules of practice but will conduct its hearing in the manner "best adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties and to carry out justly the spirit of The Indiana Workmen's Compensation Act."

In the latter regard it has been the law virtually since the compensation law was enacted that it should be construed liberally to effect its humanitarian purposes. *See, e.g., Prater v. Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810; *In re Loper* (1917), 64 Ind.App. 571, 116 N.E. 324. Especially in view of the new theory of recovery permitted by *Evans,* we cannot say that the board erred in permitting Lambdin to amend his claim to assert that theory and in considering the amendment to relate back to the filing of the claim in its original form. Lambdin was not asserting different injuries or that they arose from some occurrence other than the duties of his employment.

■ Union next contends that the claim, or some portion of it, was barred because some of the events which combined on a daily basis to produce the final disability must have occurred more than two years before September, 1982 when the claim was originally filed. If allowed, this contention would effectively overrule *Evans* because it would preclude recovery by workers who suffer an unexpected injury from the usual exposure or exertion attending their jobs. They would be precluded from recovering for the portion attributable to work performed more than two years prior to filing a claim and would, no doubt, be precluded from the balance because medical evidence would be unable to segregate the amount of injury produced solely within the two year time frame.

We recognize, of course, that the limitation provided in IC 22–3–3–3 is considered to run from the occurrence. *Ingram v. Land–Air Transportation Co.* (1989), Ind. App., 537 N.E.2d 532. In cases such as Lambdin's, however, the occurrence is a continuing one; it happens day after day on the job and the combination of all the days produce the injurious result. Our decisions have long recognized that where such a situation occurs, a continuing wrong exists and the statute of limitations will commence to run when its permanence is discernible. *Peck v. City of Michigan City* (1898), 149 Ind. 670, 49 N.E. 800; *Dolph v. Mangus* (1980), Ind.App., 400 N.E.2d 189.

We find that reasoning applicable here. Lambdin's claim was not barred by the statute of limitations.

Union also argues that Lambdin's original pre-hearing stipulation should preclude him from litigating his amended claim, as should a ruling made by the single hearing member prior to the filing of the amended claim.

It is a sufficient answer to these contentions that the stipulation addressed the employer's non-payment of benefits and only made reference to the date of the alleged occurrence. That reference necessarily was mooted when the amendment was allowed. Similarly, the evidentiary ruling was mooted by the amendment. The case remained *in fieri* with the Board and the ruling, which concerned the admissibility of a 1980 occurrence, was not binding on the Board in its consideration of the amended claim.

There was no error. The award is affirmed.

HOFFMAN, P.J., and CONOVER, J., concur.