Thomas **BARNES**, as Mayor of the City of Gary, City Council of Gary, Indiana, City of Gary Fire Department and City of Gary Police Department, Appellants–Defendants,

v.

Rose Ann **ANTICH**, individually, and as Administratrix of the Estate of Joseph Antich, Deceased, Appellee–Plaintiff.

No. 45A03–9712–CV–449.

Court of Appeals of Indiana.

Oct. 14, 1998.

■

---

W. Anthony Walker, Meyer, Lyles & God-shalk, Gary, for Appellants–Defendants.

Daniel A. Sawochka, George C. Paras, Merrillville, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Defendants Thomas Barnes, as Mayor of the City of Gary, City Council of Gary, Indiana, City of Gary Fire Department, and City of Gary Police Department, all of which will be referred to collectively as ("Gary"), appeal the denial of their motion for summary judgment in the lawsuit brought by Appellee–Plaintiff Rose Ann Antich, individually, and as Administratrix of the Estate of Joseph Antich, Deceased ("Antich").

We reverse.

### Issue

Gary raises two issues. However, because one issue is dispositive, we address it only. Restated, it is:

whether Gary is immune from liability under the Indiana Tort Claims Act, ("ITCA"), IND.CODE § 34–4–16.5–3(18), which provides governmental immunity for the operation and use of an enhanced emergency communication system, otherwise known as "911" service.[1]

## Facts/Procedural History [2]

The operative facts are not disputed. On June 4, 1994, Joseph Antich ("Antich") suffered a heart attack at home. (R. 12). Immediately, a request for emergency service was made by dialing 911 which accessed Gary's enhanced emergency communication system. (R. 12, 58). Gary's dispatcher answered the call and assured that an ambulance would be dispatched. (R. 12). Approximately ten minutes later, another 911 call was made and, the caller was again assured that an ambulance was on the way. (R. 12). Five minutes later, a third 911 call was made. (R. 12). A fourth 911 call was made as well. (R. 12). The Gary dispatchers repeatedly gave assurances that an ambulance was on the way. (R. 85). However, Gary never dispatched an ambulance and Antich died. (R. 12).

■ Antich's widow brought the present wrongful death lawsuit against Gary. (R. 10–14). Gary moved to dismiss the action under IND.CODE § 34–4–16.5–3(17) (which was later recodified under the present subsection (18)), which reads:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

. . . .

the development, adoption, implementation, operation, maintenance, or use of an enhanced emergency communication system.

(R. 26). The trial court denied the motion, finding: "the acts complained of by Plaintiff did not arise in the course of the operation by the Defendants of an enhanced emergency communication system, but rather as an act of alleged gross negligence on the part of a city employee." [3] (R. 60).

■ Both parties moved for summary judgment. (R. 153). Gary's motion was again based on IND.CODE § 34–4–16.5–3(17) (later (18)). The trial court denied Gary's motion for summary judgment. (R. 153). The trial court granted Antich's motion finding that Gary owed Antich a private duty, that Gary had breached that duty, and that the breach was the proximate cause of Antich's injuries.[4] (R. 153). The matter was certified for appeal. (R. 172).

## Discussion and Decision
### Standard of Review

■ As stated in *Stevenson v. Hamilton Mutual Insurance Company*, 672 N.E.2d 467 (Ind.Ct.App.1996), *trans. denied:*

In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary

1. Effective July 1, 1998, the ITCA has been recodified at IND.CODE § 34–13–3–1 without substantive changes. The precise subsection addressed in the present case has been recodified at IND. CODE § 34–13–3–3(18).

2. Antich requests that Gary's appeal be dismissed, asserting that its statement of facts is improper, incomplete, or misleading. Although some of Gary's assertions may not be supported by the record, we nevertheless do not find them particularly objectionable. Therefore, Antich's request is denied.

3. Trial court findings entered in conjunction with a ruling on a motion to dismiss, while helpful, are merely advisory. *See State of Indiana Department of Natural Resources v. Hensley*, 661 N.E.2d 1246, 1250 n. 1 (Ind.Ct.App.1996).

4. Trial court findings in summary judgment proceedings merely afford the reviewing court a statement of reasons for the trial court's decision and serve no other purpose. *Dague v. Fort Wayne Newspapers, Inc.*, 647 N.E.2d 1138, 1140 (Ind.Ct.App.1995), *trans. denied.*

judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is 'clothed with a presumption of validity,' and the appellant bears the burden of demonstrating that the trial court erred.

672 N.E.2d at 470–71 (citations omitted). When there are no unresolved facts to be determined, it is appropriate for the appellate court to determine as a matter of law that summary judgment was entered in favor of the wrong party. *Motorists Mutual Insurance Co. v. Morris*, 654 N.E.2d 861, 862 (Ind.Ct.App.1995). Under such circumstances, the appellate court will reverse and remand with instructions that summary judgment be entered in favor of the appellant. *Id.* at 864.

### Governmental Immunity

▉▉▉ Governmental entities are subject to liability for torts unless one of the exceptions in the ITCA applies. *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 439 (Ind.Ct.App.1996), *trans. denied.* A governmental entity which seeks immunity has the burden of proving that its conduct falls within one of the exceptions set forth in the ITCA. *Id.* at 438. We narrowly construe governmental immunity against a claimant's right to bring suit. *Id.* at 439. Whether a particular governmental act is immune is a question of law for the court to decide, although the question may require extensive factual development. *Id.*

### ITCA—Enhanced Emergency Communication System

The present case is the first to be decided under IND.CODE § 34-4-16.5-3(17) (later

(18)), which provides immunity for losses arising out of the "development, adoption, implementation, operation, maintenance, or use of an enhanced emergency communication system."[5] However, in a case remarkably similar to the case at bar, *City of Gary v. Odie*, 638 N.E.2d 1326 (Ind.Ct.App.1994), Judge Baker stated in his concurring opinion that Gary would have been immune had it pled this subsection of the ITCA as an affirmative defense. *Id.* at 1334–35.

### Emergency Medical Services

▉▉▉ Indiana's General Assembly has declared that the provision of emergency medical services is a matter of vital concern affecting the public health, safety, and welfare of the people of Indiana. IND.CODE § 16–31–1–1. As such, the provision of emergency medical service is an essential purpose of the political subdivisions of the state. IND.CODE § 16–31–1–2. The operation of an emergency dispatch system constitutes a governmental function entitled to immunity from tort liability. *Trezzi v. City of Detroit*, 120 Mich. App. 506, 328 N.W.2d 70, 72 (1983), *affirmed* 420 Mich. 567, 363 N.W.2d 641. The operation of such a system necessarily involves making decisions concerning the seriousness of each call and the order of priority for response which should be attached to those calls. *Id.* Based on these unique characteristics of a 911 system, the *Trezzi* court held that a municipality would be immune from liability for the negligent operation of its 911 system which resulted in the failure to dispatch emergency assistance and which ultimately resulted in the deaths of two persons for whom the emergency assistance had been requested. *Id.*

### Conclusion

The present case falls squarely within the immunity provided municipalities under IND.

---

**5.** Two earlier "911" cases, *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278 (Ind.1993) and *City of Gary v. Odie*, 638 N.E.2d 1326 (Ind. Ct.App.1994), are distinguishable from the present case because neither was decided under the ITCA subsection pertaining to "911" systems. The fire involved in *Mullin* preceded the effective date of the subsection. 639 N.E.2d at 280; An-drew P. Wirick & Ann Marie Waldron Piscione, *Survey of Tort Law Developments in 1994: The Good, The Bad and the Ugly*, 28 IND. L.REV 1097, 1104 n. 66. In *Odie*, as noted above, the municipality had failed to assert the subsection as an affirmative defense. 638 N.E.2d at 1334–35; 28 IND. L.REV. 1097, 1104 n. 73.

CODE § 34–4–16.5–3(18).[6]   Therefore, we must reverse and remand with instructions that the trial court enter summary judgment in favor of Gary.

Reversed.

NAJAM, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting.

I respectfully dissent. In order for Antich to prevail we must consider the evidence using a two-part analysis: (1) does a public or private duty exist between the City of Gary and Antich; and (2) if a private duty exists, is it covered under the Tort Claims Act, Ind.Code § 34–4–16.5–3(18).

The existence of a duty is a question of law for the court. *Benthall v. City of Evansville*, 674 N.E.2d 580, 583 (Ind.Ct.App.1996), *trans. denied*, 683 N.E.2d 593. The court balances three factors in determining whether a duty exists: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. *Indiana State Police v. Don's Guns & Galleries*, 674 N.E.2d 565, 568 (Ind.Ct.App.1996), *trans. denied*, 683 N.E.2d 592. However, a plaintiff seeking to recover against a governmental entity for negligence must show more than a duty owed to "the public as a whole." *Id.* (citing *Greathouse v. Armstrong*, 616 N.E.2d 364, 368 (Ind.1993)). The plaintiff must show that his or her relationship with the governmental entity is one which gives rise to a private duty owed to a particular plaintiff. *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 283 (Ind.1994).

In *Mullin*, the Indiana Supreme Court established the following elements necessary for the imposition of a private duty on a governmental defendant: " ... (1) an explicit assurance by the municipality, through promises or action, that it would act on behalf of the injured party; (2) knowledge on the part of the municipality that an action could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking." *Id.* at 284. In *Mullin*, the supreme court held that when a " ... governmental entity is aware of the plight of a particular individual and leads that person to believe that governmental rescue services will be used, and the individual detrimentally relies on that promise, it would be unfair to leave that individual worse off than if the individual had not sought assistance from the governmental at all." *Id.* at 284–85.

In the case of *City of Gary v. Odie*, 638 N.E.2d 1326 (Ind.Ct.App.1994), Katie Odie called the 911 emergency number four times and told the dispatcher that her husband was experiencing trouble breathing. The dispatcher knew that inaction could lead to harm. Each of the calls were answered by giving assurance to Odie that an ambulance was on its way. Thus, Odie was lulled into inaction by these continued assurances which deprived her of seeking alternative assistance. We held that a special duty was established between Odie and the City of Gary.

The facts in Antich are chillingly similar. There were four requests for emergency assistance and the agents and/or employees of

---

**6.** The dissent may be correct that Antich has established a material issue of fact regarding whether Gary owed Antich a private duty. However, the issue of whether a municipality owed a particular plaintiff a private duty becomes relevant only after a threshold determination of an "absence of immunity" under the ITCA has been made. *Mullin*, 639 N.E.2d at 283 (the absence of immunity does not necessarily result in a legally cognizable claim of negligence because the plaintiff must establish that the municipality owed plaintiff a private duty); *Indiana State Police v. Don's Guns & Galleries*, 674 N.E.2d 565, 568 (Ind.Ct.App.1996), *trans. denied; Willis v. Warren Township Fire Department*, 672 N.E.2d 484, 486 (Ind.Ct.App.1996), *trans. denied*.

However, as discussed above, a plain reading of IND.CODE § 34–4–16.5–3(18) leads inescapably to the conclusion that the legislature intended to afford immunity from claims arising out of a municipality's operation and use of an enhanced emergency communication system regardless of whether the circumstances would support the imposition of a private duty upon the municipality. *See Joe v. Lebow*, 670 N.E.2d 9, 17–18 (Ind. Ct.App.1996) (we may assume that the legislature's amendment of a statute has been made in response to the interpretation placed upon that statute by the appellate courts); *See also Lewis v. Marhoefer Packing Co.*, 145 Ind.App. 225, 250 N.E.2d 375, 376 (1969) (legislature nullified case law with statutory amendment).

the City of Gary responded to the emergency requests for assistance by repeatedly assuring the callers that an ambulance had been called. Antich detrimentally relied on their assurances. Thus, a private duty existed between Antich and the City of Gary. I would affirm the judgment of the trial court that finds a private duty.

Under the second prong of the analysis it must be determined whether such private duty is covered under the Indiana Tort Claims Act. Governmental entities and their employees are subject to liability for torts committed by them, unless the activity giving rise to the tort falls within one of the exceptions enumerated in the Act. *Peavler v. Monroe County Bd. of Comm'rs,* 528 N.E.2d 40, 42 (Ind.1988). Section 3(18) of the Act, pursuant to which the City of Gary seeks immunity, provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
>
> (18) the development, adoption, implementation, operation, maintenance, or use of an enhanced emergency communication system.

The act of calling and/or dispatching an ambulance does not necessarily relate to the operation and/or use of an enhanced emergency communication system. The habitual and customary operation and/or use of the 911 system would exclude the negligent abuse of the system by failing to serve the purpose of the system which was to provide emergency service. In this case, it is the *failure* to dispatch an ambulance after receiving four calls and assuring the parties, to their detriment, that an ambulance is on the way that is not covered by the statute.

In *Hinshaw v. Board of Commissioners of Jay County,* 611 N.E.2d 637 (Ind.1993), the supreme court interpreted the phrase "... if a loss results from ..." as it is used in Ind.Code § 34–4–16.5–3:

> The introductory phrase 'if a loss results from' does not mean 'if a loss *also* results from....' In view of the absence of express declaration or unmistakable implication in the statute, we find that immunity is not conferred when the circumstances designated in the subsections do not encompass or directly relate to the specific government conduct for which liability is sought to be imposed.

*Id.* at 640.

If immunity is allowed in this case, each time a call is made to an enhanced emergency communication system, no matter how egregious the conduct, the government would be immune. I cannot believe that the legislature intended this result.

I would affirm the decision of the trial court and deny the City of Gary's motion for summary judgment.