**Michelle EDWARDS, Appellant–
Plaintiff,**

v.

**VERMILLION COUNTY HOSPITAL
and County of Vermillion, State of
Indiana Appellees–Defendants.**

**No. 61A01–9103–CV–81.**

Court of Appeals of Indiana,
First District.

Oct. 22, 1991.

Dennis H. Stark, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, for appellant-plaintiff.

Michael L. Carter, LaCava, Zeigler & Carter, Indianapolis, for appellees-defendants.

OPINION ON REHEARING

ROBERTSON, Judge.

 The Vermillion County Hospital brings this petition for rehearing, urging that we failed to consider the applicability of the Indiana Tort Claims Act, Ind.Code 34–4–16.5–3(5), which the hospital contends renders it immune from liability because its liability, if any, for Edwards' false arrest or imprisonment, arose as a consequence of its having initiated a judicial proceeding against her. While the hospital did not argue the applicability of subsection five to false arrest actions in its appellee's brief, and, indeed, devoted only a single paragraph to its claim of immunity, the hospital did alert us to the possibility that subsection five might sustain the trial court's entry of summary judgment in its favor. Having now considered that provision and the cases interpreting it, we must agree that the hospital is in fact immune from liability by virtue of subsection five. Since it is our duty upon appeal to affirm the trial court's entry of summary judgment if it is sustainable upon any substantive law theory supported by the record, *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157, we now grant the hospital's petition for rehearing and vacate our previous opinion in this matter.[1]

The Indiana Tort Claims Act provides that "[a] governmental entity ... is not liable if a loss results from ... the initiation of a judicial ... proceeding ..." Ind. Code 34–4–16.5–3(5). Although Indiana courts have never had occasion to consider the applicability of this section to false

---

1. In our original opinion, we erroneously cited certain county small claims rules which do not apply in this case. However, the substance of those rules, which require a court order directing the party allegedly in contempt to appear and which entitle that party to service of process before attachment, can be found in the provisions of the Indiana Code, I.C. 34–4–7–3, I.C. 34–4–7–8 and I.C. 34–4–9–1.

arrest actions, *see, e.g., Drake v. Lawrence* (1988), Ind.App., 524 N.E.2d 337, 340, n. 3, *trans. denied; Livingston v. Consolidated City of Indianapolis* (1979), Ind.App., 398 N.E.2d 1302, the language "initiation of a judicial proceeding" has been interpreted in the context of a malicious prosecution claim to include the bringing of charges before a public official when to do so requires a determination of whether process should or should not be issued. *Board of Commissioners of Hendricks County v. King* (1985), Ind.App., 481 N.E.2d 1327. The issuance of a warrant constitutes the initiation of a judicial proceeding. *See Livingston*, 398 N.E.2d at 1304.

Among the inherent judicial powers which vest in a constitutional court, such as the circuit courts, is that of maintaining its existence and dignity by punishing those who assume to treat it in contempt. *Hawkins v. State* (1890), 125 Ind. 570, 573, 25 N.E. 818. The initiation of a contempt proceeding is hence the initiation of a *judicial* proceeding.

■ Indirect contempt proceedings commence with the issuance by the court of a rule to show cause directing the person to appear and show cause "why he should not be attached and punished." I.C. 34–4–7–8. No rule to show cause or order of attachment may issue until a verified information or affidavit containing the facts alleged to constitute the contempt has been filed by "some officer of the court or other responsible person." Ind.Code 34–4–7–8; *See also, Levick v. State*, (1946), 224 Ind. 561, 69 N.E.2d 597, 565 (statute merely a declaration of common law), and *Wilson v. State* (1877), 57 Ind. 71, 73 (proceeding against a party for constructive contempt must be commenced by either a rule to show cause, or by an attachment, and such rule should not be made or attachment issued, unless upon affidavit specifically making the charge). Edwards does not allege that the hospital directly procured her arrest by filing a verified information for a rule to show cause or attachment order. What she does allege is that the hospital caused her arrest by refusing to take steps to ensure that the supplemental proceedings it had initiated against her were discontin-

ued, thereby permitting contempt proceedings to be instigated, and an attachment order issued when it knew that the hospital's judgment against her had been satisfied. Thus, Edwards alleges that her loss of liberty resulted from the initiation of a judicial proceeding indirectly procured by the hospital as a joint-tort feasor.

It is accordingly our conclusion that the hospital is immune from liability for its acts under section three of the Indiana Tort Claims Act. Our opinion reversing the summary judgment in favor of the hospital is ordered vacated and the summary judgment in favor of the hospital is reinstated.

RATLIFF, C.J., and RUCKER, J., concur.