Kenneth HINSHAW, Melissa Hinshaw,
and Natasha Hinshaw,
Plaintiffs/Appellants,

v.

**BOARD OF COMMISSIONERS OF JAY
COUNTY, Defendant/Appellee.**

No. 90S02–9304–CV–415.

Supreme Court of Indiana.

April 7, 1993.

Frederick R. Hovde, Townsend, Hovde & Montross, Indianapolis, for plaintiffs/appellants.

Robert T. Keen, Jr., Daniel G. McNamara, Miller Carson Boxberger & Murphy, Fort Wayne, for defendant/appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice.

Following a collision at the intersection of county roads on May 20, 1990, the plaintiffs/appellants Kenneth Hinshaw, Melissa Hinshaw, and Natasha Hinshaw initiated an action for damages. With respect to defendant/appellee Board of Commissioners of Jay County ("the County"), the plaintiffs alleged negligence in signing and maintaining the intersection. Following summary judgment in favor of the County, the Hinshaws initiated this interlocutory appeal.

The sole issue presented is the meaning to be given Subsection 9 of the immunity provision in the Indiana Tort Claims Act which applies "if a loss results from ... the act or omission of someone other than the governmental entity employee." Ind. Code § 34–4–16.5–3(9). In an unpublished memorandum decision, the Court of Appeals reversed the summary judgment. We grant transfer to address the proper meaning to be given this enactment.

The plaintiffs contend that this immunity provision applies only when the conduct of a non-government employee is the sole proximate cause of the plaintiffs' injuries. The defendant argues that the provision grants immunity to a governmental entity whenever its negligence combines with the negligence of a third party.

Prior decisions of our Court of Appeals have construed Subsection 9 to provide governmental immunity only when an unforeseeable act or omission of a third party constitutes an intervening proximate cause of the injury. *Spier v. City of Plymouth* (1992), Ind.App., 593 N.E.2d 1255, 1262; *Edwards v. Vermillion County Hosp.* (1991), Ind.App., 576 N.E.2d 1285, 1288, *vacated on other grounds* (1991), Ind.App., 579 N.E.2d 1347; *City of Bloomington v. Kuruzovich* (1987), Ind.App., 517 N.E.2d 408, 415; *State v. Magnuson* (1986), Ind. App., 488 N.E.2d 743, 747; *Maroon v. State Dep't of Mental Health* (1980), Ind. App., 411 N.E.2d 404, 417. *But cf. Klobuchar v. Purdue Univ.* (1990), Ind.App., 553 N.E.2d 169, 172–73 (Subsection 9 immunity applied without discussion of unforeseeable intervening cause issue).

■ The County argues that these decisions render the subsection meaningless as providing an immunity only in circumstances in which the governmental entity is *not* a proximate cause and thus could not be held liable in any event. It correctly asserts that in construing a statute, we will presume that the legislature did not enact a useless provision. *State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739. In part responding to this contention, the *Spier* court noted legislative acquiescence in the interpretations advanced in *Kuruzovich* and *Maroon. Spier*, 593 N.E.2d at 1262 n. 2. Notwithstanding such acquiescence, we agree with the County that Subsection 9 must be construed as purposeful, contrary to the rationale previously employed in its interpretation and application.

■ Courts are not at liberty to construe a statute that is unambiguous. *Superior Constr. Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284; *Community Hosp. of Anderson and Madison County v. McKnight* (1986), Ind., 493 N.E.2d 775, 777. However, where a statute is susceptible to more than one interpretation, it is ambiguous and open to construction to effect the intent of the legislature. *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750. Citing *Klobuchar*, the County asserts that the language of Subsection 9 has a meaning wholly different from that ascribed to it in *Spier, Kuruzovich*, and *Maroon.* It is quite apparent that the language of the statutory immunity created by Subsection 9 is ambiguous. *Spier*, 593 N.E.2d at 1261.

■ Because the Indiana Tort Claims Act is a statute in derogation of the common law, it must be strictly construed against limitations on the claimant's right to bring suit. *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 800; *Collier v. Prater* (1989), Ind., 544 N.E.2d 497, 498. This rule of construction applies to Subsection 9. *Spier*, 593 N.E.2d at 1262; *Maroon*, 411 N.E.2d at 417. We will presume that the legislature is aware of the common law and intends to make no change therein beyond its declaration either by express terms or unmistakable implication. *Tittle*, 582 N.E.2d at 800. The County's argument that Subsection 9 should be interpreted to preclude governmental liability if *any* third party intervenes, whether foreseeable or not, has been rejected on grounds that such construction would modify a fundamental rule of the common law and that the statute contains no clear and concise expression of such intent. *Maroon*, 411 N.E.2d at 417.

■ In construing a statutory provision, we must consider the statute as an entirety, with each part being viewed not as an isolated fragment but with reference to all the other companion provisions. *Walgreen Co. v. Gross Income Tax Div.* (1947), 225 Ind. 418, 421, 75 N.E.2d 784, 785. To effect the legislature's intent, this Court will construe an ambiguous statute in a manner consistent with other sections of the enactment. *Indiana Dep't of State Revenue v. Indianapolis Pub. Transp. Corp.* (1990), Ind., 550 N.E.2d 1277, 1278. In its entirety, the immunity provision of the Indiana Tort Claims Act provides as follows:

> Sec. 3. A governmental entity or an employee acting within the scope of the employee's employment is not liable *if a loss results from:*
>
> (1) the natural condition of unimproved property;
>
> (2) the condition of a reservoir, dam, canal, conduit, drain, or similar structure when used by a person for a purpose which is not foreseeable;
>
> (3) the temporary condition of a public thoroughfare which results from weather;
>
> (4) the condition of an unpaved road, trail, or footpath, the purpose of which is to provide access to a recreation or scenic area;
>
> (5) the initiation of a judicial or an administrative proceeding;
>
> (6) the performance of a discretionary function;
>
> (7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment;
>
> (8) an act or omission performed in good faith and without malice under the apparent authority of a statute which is invalid, if the employee would not have been liable had the statute been valid;
>
> (9) *the act or omission of someone other than the governmental entity employee;*
>
> (10) the issuance, denial, suspension, or revocation of, or failure or refusal to issue, deny, suspend, or revoke, any permit, license, certificate, approval, order, or similar authorization, where the authority is discretionary under the law;
>
> (11) failure to make an inspection, or making an inadequate or negligent inspection, of any property, other than the property of a governmental entity, to determine whether the property complied with or violates any law or contains a hazard to health or safety;
>
> (12) entry upon any property where the entry is expressly or impliedly authorized by law;
>
> (13) misrepresentation if unintentional;
>
> (14) theft by another person of money in the employee's official custody, unless the loss was sustained because of the employee's own negligent or wrongful act or omission;
>
> (15) injury to the person or property of a person under supervision of a governmental entity and who is:
>
> > (A) on probation; or

(B) assigned to an alcohol and drug services program under IC 12–23, a minimum security release program under IC 11–10–8, or a community corrections program under IC 11–12;

(16) design of a highway (as defined in IC 9–13–2–73), if the claimed loss occurs at least twenty (20) years after the public highway was designed or substantially redesigned; except that this subdivision shall not be construed to relieve a responsible governmental entity from the continuing duty to provide and maintain public highways in a reasonably safe condition; or

(17) development, adoption, implementation, operation, maintenance, or use of an enhanced emergency telephone system.

Ind.Code § 34–4–16.5–3 (emphasis supplied).

Viewing the immunity statute as a whole, we note a significant general pattern. Its various subsections each identify an aspect or characteristic of governmental activity which gives rise to an immunity for the acts and omissions comprising that activity. The subsections are *not* referring to activities apart from the governmental activity upon which a claim of governmental liability is based. The introductory phrase "if a loss results from" does *not* mean "if a loss also results from."

■ Thus, for example, governmental immunity is not clearly conferred to shield a government-employed lifeguard, otherwise liable for a swimmer's injuries by reason of the lifeguard's intoxication and inattention, upon the lifeguard's claim that the loss also resulted in part from "the natural condition of unimproved property." Ind.Code § 34–4–16.5–3(1). Nor does a government employee who falls asleep while driving a maintenance truck and collides with a parked car appear to be immunized from liability for such negligence merely because he alleges that an additional factor in the loss was "the temporary condition of a public thoroughfare which results from weather." Ind.Code § 34–4–16.5–3(3). Likewise, when a governmental entity is otherwise liable as a joint tortfea-

sor, no governmental immunity is clearly extended on grounds that the *other* joint tortfeasor engaged in "the performance of a discretionary function," Ind.Code § 34–4–16–.5–3(6), failed to make a safety inspection, Ind.Code § 34–4–16.5–3(11), or made an unintentional misrepresentation, Ind. Code § 34–4–16.5–3(13). In view of the absence of express declaration or unmistakable implication in the statute, we find that immunity is not conferred when the circumstances designated in the subsections do not encompass or directly relate to the specific government conduct for which liability is sought to be imposed.

■ However, applying both the rule presuming that legislative enactments are purposeful and the rule requiring narrow construction for statutory provisions in derogation of common law, we conclude that Subsection 9 does provide immunity in certain cases wherein governmental liability could otherwise occur, but that this immunity exists only when the alleged governmental liability is grounded upon the acts or omissions of persons other than the government employee acting within the scope of the employee's employment.

The law has long recognized a number of circumstances in which tort liability may be vicariously imposed upon persons for the conduct of agents who are not employees or subject to any right of control by the employer. *See e.g.*, *City of Logansport v. Dick* (1880), 70 Ind. 65 (intrinsically dangerous activity); *Rediehs Express, Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, *cert. denied* (1987), 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762 (liability under ICC regulations); *Ackman v. Bullard* (1974), 161 Ind. App. 437, 316 N.E.2d 444 (joint enterprise); *Soft Water Util., Inc. v. LeFevre* (1974), 159 Ind.App. 529, 308 N.E.2d 395 (apparent authority); *Polk Sanitary Milk Co. v. Berry* (1938), 106 Ind.App. 29, 17 N.E.2d 860 (ratification); *see generally* William Prosser, *The Law of Torts* § 69, at 467 (4th ed. 1971); *Restatement (Second) of Agency* §§ 141, 159, 251–67 (1958). It is in such actions seeking to impose vicarious liability by reason of conduct of third parties that governmental entities and employees may

seek to claim immunity under Subsection 9. Under such circumstances, the alleged basis of governmental entity liability is the act or omission of a third person not within the scope of employment as a government employee.

In the present case, the County claims Subsection 9 immunity on grounds that the conduct of persons other than a government employee contributed to the plaintiffs' injuries. It alleges that the proximate causes of the accident included the negligence of the driver of the automobile that collided with the plaintiffs' vehicle and that of the owners of vehicles parked at the intersection. The plaintiffs' claim against the County is grounded on allegations of negligent signing and maintenance of the intersection. Therefore, because the Subsection 9 circumstances (conduct of "someone other than the governmental entity employee") do not encompass or directly relate to the acts or omissions upon which the plaintiffs are basing the claim of governmental entity negligence, such conduct of third persons does not give rise to the immunity provided by Subsection 9.

Transfer is granted. The entry of summary judgment is reversed, and this cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.