**Marsha LEDBETTER, Appellant–Plaintiff,**

**v.**

**Robert HUNTER, M.D., Lawrence Benken, M.D., and Ball Memorial Hospital, Appellees–Defendants.**

No. 49A02–0309–CV–770.

Court of Appeals of Indiana.

June 29, 2004.

Michael L. Hanley, Vernon J. Petri & Associates, Mary A. Findling, Findling Garau Germano & Pennington, P.C., Indianapolis, IN, Attorneys for Appellant.

Mark K. Reeder, Pamela G. Schneeman, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorneys for Ball Memorial and Robert Hunter, M.D.

James W. Brauer, Stewart & Irwin, P.C., Indianapolis, IN, Attorney for Lawrence Benken, M.D.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Marsha Ledbetter (Ledbetter), appeals the trial court's Order in favor of Appellees–Defendants, Robert Hunter, M.D. (Hunter), Lawrence Benken, M.D. (Benken), and Ball Memorial Hospi-

tal (the Hospital) (collectively, Appellees), dismissing Ledbetter's medical malpractice claim under the Privileges and Immunities Clause of the Indiana Constitution.

We reverse and remand for further proceedings.

### ISSUE

Ledbetter raises one issue on appeal, which we restate as follows: whether the trial court erred in dismissing Ledbetter's medical malpractice claim, holding that the statute of limitations for minors, contained in the Indiana Medical Malpractice Act, did not violate the Privileges and Immunities Clause of the Indiana Constitution.

### FACTS AND PROCEDURAL HISTORY

Trenda Ledbetter (Trenda) was born at the Hospital in Muncie, Indiana, on November 25, 1974. Prenatal care was provided and the birth was attended by Hunter and Benken. Trenda alleged that medical malpractice by the attending physicians triggered birth complications, causing serious and permanent physical and mental injuries. On April 22, 1994, within two years of her eighteenth birthday, Trenda filed a medical malpractice claim against the Appellees, who subsequently moved to dismiss Trenda's Complaint, contending that her claim was barred by the Indiana Medical Malpractice Act's statute of limitation. On August 11, 1994, after hearing oral argument on the motions, the trial court entered judgment granting the motions of the Appellees.

Trenda appealed. On June 30, 1995, this court reversed the trial court's Order dismissing Trenda's claim and remanded this cause to the trial court to determine whether the Indiana statute of limitations for medical malpractice as applied to minors is constitutional under the Indiana Constitution's Privileges and Immunities Clause, as discussed in *Collins v. Day*, 644

N.E.2d 72 (Ind.1994). The next day, on July 1, 1995, Trenda died. On July 2, 1997, her mother was substituted as plaintiff.

On March 22, 2002, Ledbetter filed her brief on remand in opposition to the Appellees' motion to dismiss. On May 28, 2002, Appellees filed their response briefs. Subsequently, on June 27, 2002, Ledbetter filed a reply brief. On August 12, 2003, after conducting a hearing, the trial court ordered Ledbetter's Complaint dismissed with prejudice.

Ledbetter now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Ledbetter contends that the trial court erred by finding that the statute of limitations with regard to minors, as contained in the Indiana Medical Malpractice Act, did not violate the Privileges and Immunities Clause of the Indiana Constitution. Specifically, she argues that the application of the *Collins* two-pronged test reveals the unconstitutionality of the statute of limitations as it applies to minor victims. In support of her contention, Ledbetter first advances the result of various Nonparty Requests for Production upon numerous medical malpractice insurance carriers to demonstrate that the state interest underlying the Medical Malpractice Act's statute of limitations—the threat of a reduction in available healthcare services—either never was, or no longer is, compelling. Secondly, Ledbetter asserts that not all minor victims of medical malpractice are treated the same. In particular, Ledbetter alleges that the statute creates two subclasses of minor medical malpractice victims: those with parents who choose to file a claim on behalf of their minor child and those minors whose claims are extinguished because their parents fail to act.

## I. *Standard of Review*

When a party challenges a statute based upon a violation of the Indiana Constitution, our standard of review is well-settled. "Every statute stands before us clothed with the presumption of constitutionality until clearly overcome by a contrary showing." *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996). The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party. *Id.* If there are two reasonable interpretations of a statute, we will choose the interpretation that permits upholding the statute. *Hochstedler v. St. Joseph County Solid Waste Management Dist.*, 770 N.E.2d 910, 917 (Ind.Ct.App.2002), *trans. denied.*

Moreover, we review the constitutionality of statutes with the understanding that "[t]he legislature has wide latitude in determining public policy, and we do not substitute our belief as to the wisdom of a particular statute for those of the legislature." *Boehm*, 675 N.E.2d at 321. Therefore, we do not declare a statute to be unconstitutional merely because we "consider it born of unwise, undesirable, or ineffectual policies." *Johnson v. St. Vincent Hospital, Inc.*, 273 Ind. 374, 381, 404 N.E.2d 585, 591 (Ind.1980). Nevertheless, we are also mindful of our duty to enforce the Constitution as written and intended. *Boehm*, 675 N.E.2d at 321. Accordingly, "[w]here a law or the application of a law is challenged on constitutional grounds, the judiciary has the authority, as well as the duty, to explore the constitutional ramifications of the law." *Id.*

## II. *History of the Statute of Limitations*

Prior to Trenda's birth in 1974, the statute of limitations that applied to all claims of medical malpractice was contained in Ind.Code § 34-4-19-1. This statute pro-

vided that a medical malpractice victim had two years from the date of the negligent act or omission in which to file suit. However, by the time Trenda was born, our supreme court had issued its decision in *Chaffin v. Nicosia*, 261 Ind. 698, 310 N.E.2d 867 (1974), which made Indiana's legal disability tolling provision applicable to minors claiming injuries resulting from medical malpractice. Under the tolling provision, a minor could initiate a suit up to two years after reaching the age of majority. Our supreme court stated as its rationale that:

[I]t makes practical sense particularly with respect to infants, who, because of their youth, cannot be expected to articulate their physical and mental condition or to realize and act timely to preserve their legal rights. It is not difficult to conceive of situations where the results of medical malpractice upon an infant could remain undiscovered for a number of years.

*Id.* at 871.

For religious reasons, Ledbetter did not file suit on Trenda's behalf at the time of her birth and, for similar reasons, declined to do so at any time thereafter. Nevertheless, Ledbetter understood that under Indiana law, Trenda could decide up to two years after her eighteenth birthday whether to sue Appellees. Ledbetter informed Trenda of her right to sue when she reached the age of majority.

However, in 1975, the statute of limitations, as stipulated in *Chaffin*, unexpectedly changed with the passage of the Indiana Medical Malpractice Act. Under the Act, a medical malpractice claim must be filed within two years of the date of the act, omission, or neglect, except that a minor less than six years of age has until the minor's eighth birthday to commence a suit. *See* I.C. § 34–18–7–1–1(b). Additionally, the statute included a retroactive clause, applicable to Trenda's claim, which

changed her statute of limitations from her twentieth birthday to her eighth birthday. Unaware of the change in the law, Trenda, once she reached eighteen, commenced the instant case in accordance with the two-year statute of limitations in effect on the date of her birth.

## II. *Indiana Medical Malpractice Act*

Ledbetter now contends that the statute of limitations with regard to minors, as included in the Indiana Medical Malpractice Act, violates the Privileges and Immunities Clause of the Indiana Constitution under the *Collins v. Day*, 644 N.E.2d 72 (Ind.1994), analysis. The Privileges and Immunities Clause provides that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. Art. I, § 23.

In its landmark decision of *Collins*, our supreme court abandoned the traditional Fourteenth Amendment scrutiny analysis in favor of an independent analysis of Indiana's equal privileges clause. Prior to *Collins*, Indiana's equal privileges clause and the federal Constitution's privileges and immunities clause were considered coextensive and thought to protect identical rights. *See Johnson*, 404 N.E.2d at 600. In 1994, the *Collins* court concluded that nothing compels the application of a federal equal protection analytical methodology to claims under article I, § 23 of the Indiana Constitution, and that courts should give the Indiana provision independent interpretation and application. *See Collins*, 644 N.E.2d at 75. As such, our supreme court held that the Indiana Privileges and Immunities Clause imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. *Id.* at 80.

First, the disparate treatment accorded by the legislation must be reasonably

related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.*

However, five years later, our supreme court expanded *Collins'* second prong analysis in *Martin v. Richey,* 711 N.E.2d 1273 (Ind.1999). The *Martin* court, examining the constitutionality of the statute of limitations of the Indiana Medical Malpractice Act, held that although a statute can be constitutional on its face, it can nevertheless still be unconstitutional *as applied to* the plaintiff. *Id.* at 1282 (emphasis added). Our supreme court explained that when the language of the relevant statutory provisions create the primary classifications of medical malpractice victims and the victims of other torts, but does not by its terms expressly create the assertedly unfair or disadvantaged sub-classification of medical malpractice plaintiffs, the question presented by *Collins'* second prong is whether the statute is unconstitutional *as applied to this particular plaintiff.* *Id.* at 1281 (emphasis added).

Turning to the merits of the case at hand, we will discuss each prong under *Collins* separately.

### A. *Disparate Treatment*

■ As to the first prong, *Collins* requires us to examine whether the disparate treatment accorded by the legislation is reasonably related to the inherent characteristics which distinguish the unequally treated classes. *See Collins,* 644 N.E.2d

at 80. Only if Ledbetter can negate every reasonable basis for the challenged classification, can we be persuaded to find the Indiana Medical Malpractice Act's statute of limitations unconstitutional under *Collins'* first prong. *See id.*

Ledbetter initially contends that the statute of limitations under the Indiana Medical Malpractice Act is unconstitutional because it distinguishes between minors injured by medical malpractice and minors injured by other torts. Specifically, Ledbetter asserts that minor victims of medical malpractice are expressly mandated to file their suit within two years of the injury, or by their eighth birthday if injured in the first six years of life, whereas minor victims of other torts have until two years after the legal disability is removed.[1] *See* I.C. § 34–11–6–1.

Defining the unequally treated classes as the minor victims of medical malpractice versus the minor victims of other torts, precedent establishes that this disparate treatment is justified because it reasonably relates to the goal of maintaining sufficient medical treatment and controlling malpractice insurance costs. In *Johnson,* our supreme court noted that immediately prior to the enactment of the Indiana Medical Malpractice Act several medical malpractice insurance policies in the State ceased or limited their medical malpractice insurance coverage because of unprofitability. *See Johnson,* 404 N.E.2d at 589. Further, our supreme court feared that without the Act, health care providers would not be able to afford malpractice insurance and thus stop providing services to the public. *See id.* at 590. Concluding that shortening the disability period for minors' claims would help effect the stated

---

1. Thus, a minor injured when he falls off a chair in a hospital has until two years after his eighteenth birthday to bring a tort claim, whereas, a minor injured by hospital employ-ees' medical malpractice must bring his suit within two years of the act or before his eighth birthday, if he was younger than six years old.

purpose of Indiana's Medical Malpractice Act, the court considered that:

> most children by the time they reach the age of six years are in a position to verbally communicate their physical complaints to parents or other adults having a natural sympathy with them. Such communications and the persons whom they reach may to some appreciable degree stand surrogate for the lack of maturity and judgment of infants in this matter.

*Id.* at 604. *See also Martin v. Richey*, 711 N.E.2d 1273, 1281 (Ind.1999).

Nevertheless, our supreme court clarified in *Collins* that "a classification which was proper when enacted may later cease to satisfy the requirements of section 23 because of intervening changes in social or economic conditions." *Collins*, 644 N.E.2d at 81. In support of her allegation that the current classification has ceased to satisfy the requirements of the Privileges and Immunities Clause, Ledbetter submits numerous responses to Nonparty Requests for Production from several medical malpractice insurance carriers, the Indiana State Medical Association, and the Indiana Hospital Association.

These Nonparty Requests for Production span the time period of 1970, four years before the enactment of the Indiana Medical Malpractice Act, through the present. These Requests were designed to determine what significance, if any, the statute of limitations for minors had on the affordability of medical malpractice insurance. Through a myriad of questions, Ledbetter attempts to establish the financial importance of medical malpractice claims filed by minors and their potential adverse impact on the availability of health care nationwide. Ultimately, none of the insurance carriers could produce any documents showing that they had considered the impact of medical malpractice claims filed by minors in the calculation of their premiums. Furthermore, no responses were received indicating that there would be a loss of medical services if the statute of limitations for minors was extended to run until two years after the minor reached the age of majority. Consequently, Ledbetter presented us with persuasive empirical evidence effectively undermining the rationale supporting the disparate treatment as accepted by our supreme court in *Johnson*.[2]

However, Appellees assert that a second rationale for the classification, advanced by *Johnson*, is not negated by Ledbetter. In *Johnson*, our supreme court noted that the general purpose of a statute of limitation is to encourage prompt presentation of

---

**2.** With regard to empirical evidence, the opinion of the Utah Supreme Court in *Lee v. Gaufin*, 867 P.2d 572 (Utah 1993) is revealing. As part of its investigation in whether discriminatory limitations of malpractice claims of minors reduces the cost of healthcare, the Utah supreme court noted that, during part of the 1970s and 1980s, medical malpractice insurance premiums across the country escalated significantly, and in some instances, dramatically. *Id.* at 583. Those increases and their effects on the medical profession caused what is often referred to as the medical malpractice crisis. *Id.* Although it was well-established that malpractice insurance premiums had substantially increased, the evidence for the asserted causes was largely anecdotal. *Id.* In time, however, the presumed causes of the malpractice crisis were challenged, as was the efficacy of the legislative responses. *Id.* at 584. Legislative research, specifically in Utah, revealed that, during the two and one-half years preceding the enactment of its malpractice act in 1976, only twelve malpractice lawsuits were tried or otherwise disposed of in the courts. *Id.* at 585. Only one of those twelve cases involved a minor plaintiff, and only one resulted in a judgment for the plaintiff for $10,039.82. *Id.* The research also indicated that from 1972 through 1974, the number of malpractice claims against the three largest medical malpractice insurance liability carriers in Utah had actually decreased. *Id.*

claims. The success rate in challenging a claim, long after the wrong has occurred, can be diminished by reason of dimmed memories. *See Johnson*, 404 N.E.2d at 604. However, we fail to see how this argument, standing on its own, justifies the limited statute of limitations for minor victims of medical malpractice injuries. A similar claim can be made for minor tort victims who prevail themselves of their legal disability and wait until they reach the age of majority prior to filing suit. Furthermore, as Ledbetter points out, medical records are the basis of every medical malpractice case. These records are created contemporaneously and present us with a detailed picture of the health care provided at the time the injury occurred. They are generally admissible in court and can be relied upon by the physician, besides his custom and habit, to refresh his recollection.

Faced with this uncontroverted empirical evidence, we conclude that the classification between minors injured by medical malpractice and minor victims of other torts is no longer reasonably related to the goal of maintaining sufficient medical treatment and controlling malpractice insurance costs. *See Collins*, 644 N.E.2d at 80. The lack of documents over a thirty-year period indicates that neither the insurance carriers nor the health care associations would be adversely affected by a change in the statute of limitations for minor victims of medical malpractice. Moreover, merely a lack of memory or recollection is not a reasonable justification to uphold this specific legislative classification. Therefore, we find that Ledbetter negated every reasonable basis for the challenged classification. *Id.* Accordingly, we hold that the disparate treatment accorded by the legislation is no longer reasonably related to the inherent characteristics which distinguish the unequally treated classes. *See id.*

### B. *Uniformly Applicable to the Class*

■ The second prong of *Collins* requires the preferential treatment to be uniformly applicable and equally available to all persons similarly situated. *Id.* at 80. Ledbetter now claims that not all similarly situated minors injured by medical malpractice are equally affected by the classification. In particular, Ledbetter argues that in order for injured minors to file a claim for medical malpractice, their parents must be willing to initiate the suit on their behalf. Consequently, Ledbetter asserts that within this subclass, there will be parents, such as Trenda's mother, who are unwilling to file suit, whereas other parents will preserve their infants' claims by commencing a lawsuit. We agree with Ledbetter that the current legislative scheme does not meet *Collins'* uniformity requirement.

Historically, the law has recognized that special rules are necessary to protect the legal rights of children. In this and other States, courts and legislatures have generally conferred a special status on minors with respect to their legal capacity to sue and be sued. Because of their lack of experience, judgment, knowledge, resources, and awareness, minors cannot effectively assert and protect their legal rights. That is especially true in the context of medical malpractice lawsuits with respect to infants who suffer physical, mental, or emotional injuries that are not apparent and cannot be discerned or communicated until he or she reaches a later stage of development and is more mature.

While the vast majority of claims on behalf of infants injured by medical malpractice will still be brought within a relatively short time after the injury occurs, this all depends upon his or her own good fortune. Even though the minor possesses a statutorily guaranteed right to bring an action, he cannot assert it unless someone

else, over whom he has no control, learns about it, understands it, is aware of the need to take prompt action, and in fact takes such action.

Although lawsuits asserting a violation of a minor's rights may be brought by parents or guardians, such persons have no statutory duty to assert a minor's legal claims. If parents and guardians fail to assert a minor's claim because they are neglectful, unavailable, disinterested, or because they have a conflict of interest in filing a lawsuit on behalf of the minor, the minor's legal claim can never be asserted when the statute of limitations, as included in the Indiana Medical Malpractice Act, bars the cause of action. In effect, the doors of the courthouse will forever be closed to them.

In so holding, we are mindful of the fact that the *Collins* court cautioned that conformity with the Privileges and Immunities Clause does not require exact precision: "[i]t is almost impossible to provide for every exceptional and imaginary case, and a legislature ought not to be required to do so at the risk of having its legislation declared void, even though appropriate and proper as applied to the general subject upon which the law intended to operate." *Id.* at 80. However, this is not an "exceptional" or "imaginary" case; the statute as it stands completely forecloses the opportunity to be heard to a potentially large percentage of those plaintiffs within the class. Thus, the treatment accorded by the legislation is not equally applied to all those persons who share the inherent characteristics that justify the classification. *See id.* at 80.

Even assuming *arguendo*, that the question presented by *Collins'* second prong here is whether the statute is unconstitutional *as applied*, as established by our supreme court in *Martin*, the result would nevertheless remain the same. *See Martin*, 711 N.E.2d at 1281. In the context of this case, the medical malpractice statute of limitations is not uniformly applicable to all minor victims. Moreover, the creation of a sub-classification consisting of minors with unconcerned parents does not further the statutory goal of lowering medical costs by encouraging the prompt filing of claims because minors whose parents refuse to bring a cause on their behalf, are not empowered to file a claim at all. *See id.* Thus, consistent with the Privileges and Immunities Clause, Ledbetter, as substitute plaintiff for Trenda, cannot be foreclosed from bringing her medical malpractice claim when, unlike other minor victims whose parents actively pursued all remedies on the infants' behalf, she was not empowered to file a claim. Accordingly, under the Privileges and Immunities Clause of the Indiana Constitution, the medical malpractice statute of limitations with regard to minors is unconstitutional as applied to Ledbetter.

Based on our analysis of the evidence under *Collins'* two-pronged test, we conclude that the classification between minors injured by medical malpractice and minor victims of other torts is no longer reasonably related to the goal of maintaining sufficient medical treatment and controlling malpractice insurance costs. *See Collins*, 644 N.E.2d at 80. Furthermore, we find that within the class of minors injured by medical malpractice, not all minors are all treated equally. *See id.* Consequently, we hold that the Indiana Medical Malpractice Act's statute of limitations as it applies to minors, violates the Privileges and Immunities Clause of the Indiana Constitution, and thus we declare it to be unconstitutional.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred in dismissing Ledbetter's medical malpractice.

Reversed and remanded, for further proceedings consistent with this opinion.

KIRSCH, C.J., and NAJAM, J., concur.