ATTORNEYS FOR APPELLANT
Michael L. Hanley
Vernon J. Petri & Assoc.,
Indianapolis, Indiana

Mary A. Findling
Findling Garau Germano
& Pennington, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
BALL MEMORIAL HOSPITAL
AND ROBERT HUNTER, M.D.
Mary K. Reeder
Pamela G. Schneeman
Riley Bennett & Egloff, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
LAWRENCE BENKEN, M.D.
James W. Brauer
Stewart & Irwin, PC
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
IND. STATE MEDICAL ASSOC.
Linda J. Cooley
Libby Y. Mote
Krieg DeVault, LLP
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 49S02-0412-CV-501

MARSHA LEDBETTER,             *Appellant (Plaintiff below),*

v.

ROBERT HUNTER, M.D.,
LAWRENCE BENKEN, M.D., AND
BALL MEMORIAL HOSPITAL          *Appellees (Defendants below).*

_____

Appeal from the Marion Superior Court, No. 49D02-9409-CT-384
The Honorable Kenneth H. Johnson, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0309-CV-770

_____

**February 22, 2006**

**Dickson, Justice**.


In this appeal following the trial court's dismissal of the plaintiff's complaint alleging medical negligence, the Court of Appeals concluded that the Indiana Medical Malpractice Act's statute of limitations regarding claims of minors violated the Privileges and Immunities Clause of the Indiana Constitution. Ledbetter v. Hunter, 810 N.E.2d 1095, 1103 (Ind. Ct. App. 2004).

We granted transfer, thereby automatically vacating the opinion of the Court of Appeals, and now deny the plaintiff's claim that the challenged statutory provision is unconstitutional.

This lawsuit seeks damages for injuries to Trenda Ledbetter, who was born at defendant Ball Memorial Hospital on November 25, 1974, with birth complications causing serious and permanent physical and mental injuries. For religious reasons, Trenda's mother did not assert a malpractice claim on behalf of her daughter. On April 22, 1994, less than two years after her eighteenth birthday, Trenda filed a medical malpractice claim against the hospital and defendants Robert Hunter, M.D. and Lawrence Benken, M.D., the physicians who attended her birth. The defendants moved to dismiss, contending that the action was not commenced before Trenda's eighth birthday pursuant to the Indiana Medical Malpractice Act limitations period for claims of minors. The trial court granted the motion, but the Court of Appeals reversed and remanded to the trial court for consideration of the constitutionality of the statutory limitation period under the Privileges and Immunities Clause. Ledbetter v. Hunter, 652 N.E.2d 543 (Ind. Ct. App. 1995), *transfer not sought*. Trenda died shortly thereafter, and her mother, Marsha Ledbetter, was substituted as the plaintiff in this action. After further proceedings, the trial court again dismissed the action, finding that the plaintiff had failed to demonstrate that the statute was unconstitutional. Appellant's App'x. at 28.

The plaintiff contends that the medical malpractice statute of limitations for minors violates Article 1, Section 23, of the Indiana Constitution as interpreted by Collins v. Day, 644 N.E.2d 72 (Ind. 1994). Section 23 states: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." In Collins, we analyzed the enactment of this provision and synthesized prior case law, concluding that:

> Article 1, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics [that] distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

644 N.E.2d at 80. The first prong itself has two necessary components: "[a] such classification

must be based upon distinctive, inherent characteristics [that] rationally distinguish the unequally treated class, and [b] the disparate treatment accorded by the legislation must be reasonably related to such distinguishing characteristics." *Id.* at 79. Likewise, the second prong is described as comprising two elements: "[a] any privileged classification must be open to any and all persons who share the inherent characteristics [that] distinguish and justify the classification . . . , [and] [b] the special treatment accorded to any particular classification [must be] extended equally to all such persons." *Id.*

We cautioned in Collins that, in applying the two-prong standard, courts "must accord considerable deference to the manner in which the legislature has balanced the competing interests involved," *id.* at 80, that "[s]o long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature[,] nor will we inquire into the legislative motives prompting such classification," *id.* (quoting Chaffin v. Nicosia, 261 Ind. 698, 701, 310 N.E.2d 867, 869 (1974)), and that a challenger must "negative every conceivable basis which might have supported the classification," *id.* (quoting Johnson v. St. Vincent Hosp., Inc., 273 Ind. 374, 392, 404 N.E.2d 585, 597 (1980)).

Nevertheless, Collins clearly emphasized our anticipation that "our independent state privileges and immunities jurisprudence will evolve in future cases facing Indiana courts to assure and extend protection to all Indiana citizens." Collins, 644 N.E.2d at 81. Although we explicitly noted that preferential legislative treatment that was proper when enacted "may later cease to satisfy the requirements of Section 23 because of intervening changes in social or economic conditions," a challenger must carry its burden to negate every reasonable basis for the classification. *Id.*

The plaintiff challenges the constitutionality of the limitation period in the Indiana Medical Malpractice Act, which states:

> A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

3

Ind. Code § 34-18-7-1(b).[1]  The plaintiff points to the fact that this statute of limitations for minor victims is two years, or until age eight if injured in the first six years of life, in contrast to minor victims of other torts, who have until two years after the age of majority to file suit.  Ind. Code § 34-11-6-1.  She argues that the first prong of Collins is thereby violated because the Act, without a legitimate basis, creates "two unequally treated classes:  1) those children injured by medical malpractice; and 2) those children injured by negligence other than medical malpractice."  Br. of Appellant at 10.  In addition, the plaintiff separately asserts that the second prong is violated because the Act's statute of limitations treats differently two subclasses of minor victims of medical malpractice:  "1) those with parents who seek legal advice and file a claim; and 2) those with parents who chose not to do the same." *Id.* at 11.

As to the first prong, we find dispositive the plaintiff's failure to negate the legislative basis for unequal treatment of the two identified classes.  Although acknowledging that the Act's statute of limitations as it applies to minors was specifically found to be constitutional in St. Vincent Hosp., the plaintiff argues that minors' medical negligence claims have an insignificant impact upon the availability of healthcare statewide and that a change in the statute of limitations does not risk the availability of health care services.  Br. of Appellant at 16-18.  Before the trial court, the plaintiff served nonparty requests for production upon numerous medical malpractice insurance carriers and upon the Indiana State Medical Association and the Indiana Hospital Association seeking information regarding "what significance, if any, the statute of limitations for minors had on the affordability of medical malpractice insurance and the consequent availability of health care services."  Br. of Appellant at 17.  The plaintiff emphasizes that "neither the insurance carriers nor the health care associations could produce a single document showing that a change in the disability provision for minors in medical malpractice cases would have any adverse effect on the cost of insurance, the availability of health care services, or the ability to defend malpractice claims."  Br. of Appellant at 20.

In St. Vincent Hosp., this Court expressly rejected a challenge to the Act's classification of the claimants by age, concluding that the purpose of the Act, "to protect the health of citizens of this State by preventing a reduction of health care services," 273 Ind. at 392, 404 N.E.2d at

---

[1] Formerly Ind. Code § 27-12-7-1(b).

4

597, is "furthered in a rational manner by limiting the legal disability of infants to those under six years of age, and the classification of those entitled to legal disability by age and type of claim bears a fair and substantial relationship to that same end." *Id*. at 405, 404 N.E.2d at 604. We decline to overturn this determination based upon the defendants' failure to affirmatively provide documentary proof to support the rationale used in St. Vincent Hosp. When challenging a statute as invalid under Section 23, it is the challenging party who has the burden to negate "every reasonable basis for the classification." Collins, 644 N.E.2d at 81. Demonstrating a lack of substantial evidence supporting a legislative rationale does not affirmatively establish that the rationale is unreasonable.

The inference from this lack of information, if true, may well provide powerful support for legislative reconsideration of the challenged minor limitation period. But a statute is not unconstitutional simply because we might disagree with the legislature about the wisdom of the statute. State v. Rendleman, 603 N.E.2d 1333, 1334 (Ind. 1992).

The plaintiff separately contends that the limitation period for minors violates Section 23 because Trenda Ledbetter, a part of the class of children injured by medical malpractice, was also part of a subclass of minors whose parents fail or choose not to timely assert medical malpractice claims, in contrast to those parents who seek legal advice and timely file claims. The plaintiff asserts that this constitutes a violation of the second prong of Collins, which requires that the unequal privileges or immunities granted by statute to differing classes of persons be of uniform applicability and availability to "all persons who share the inherent characteristics [that] distinguish and justify the classification. Collins, 644 N.E.2d at 79.

But the two subclasses alleged by the plaintiff, based upon whether a child's parents timely assert the child's medical malpractice claim, are not treated differently by the statute. The unequal special privileges or immunities, or special treatment, accorded minor children injured by medical malpractice is that they are subject to specific time limitations within which to file claims (within two years of the occurrence or until their eighth birthday, if injured anytime before their sixth birthday). Such special treatment, the limitation regime imposed by the Act, definitely is applicable equally to all who share the distinguishing inherent characteristic of being

5

minor victims of medical malpractice. The children in each of the plaintiff's alleged subclasses share the same statute of limitations regime, with different results occurring only based upon whether or not the child, through her parents, elects to comply with the statutory deadlines. Medical malpractice claims may be equally presented on behalf of any child injured by medical malpractice simply upon the initiation of the claim within the statutory time limit.

Under Indiana law, custodial parents are authorized to act on behalf of their minor children for the purpose of consenting to health care. Ind. Code §§ 16-36-1-3,-5, 29-3-3-3(8). Parents are likewise designated to maintain actions for injuries to their child caused by the wrongful act or omission of another. Ind. Code § 34-23-2-1. "The responsibility to learn of a child's injuries and to recognize that they may have been caused by the tortious act of another must fall to parents and legal guardians." Fager v. Hundt, 610 N.E.2d 246, 251 (Ind. 1993). Noting the "natural and legal obligations of parents to protect and care for their children," this Court has imputed to a child, for the purpose of accrual of a cause of action, their parent's knowledge of facts regarding their child's injury. *Id*. While Fager involved application of the general limitation period allowing a minor two years after reaching majority in which to commence suit, its rationale is equally applicable here.

The plaintiff's contention regarding the second prong of Collins is thus equivalent to alleging that each statute of limitation violates Section 23 because, within the class of persons subject to such a statutory limitation period, there are two classes of persons unequally treated—those who timely commence an action and those who fail or choose not to. The second prong does not prohibit such a distinction.

In considering challenges to the constitutionality of a statute, we accord it "with every reasonable presumption supporting its validity and place the burden upon the party challenging it to show unconstitutionality." St. Vincent Hosp., 273 Ind. at 381, 404 N.E.2d 591. Any claimed fatal constitutional defects must be "clearly apparent." *Id.* All doubts are resolved against the party challenging the constitutionality of a statute. State v. Rendleman, 603 N.E.2d 1333, 1334 (Ind. 1992). The presumption of constitutionality continues unless "clearly overcome" by a contrary showing. *Id.*

6

We conclude that the plaintiff has failed to overcome the presumption of constitutionality that must be accorded the Medical Malpractice Act limitation period for minors. Transfer having previously been granted, we affirm the trial court judgment dismissing this action.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.