ATTORNEYS FOR APPELLANT
Landyn K. Harmon
Patrick W. Harrison
Richard S. Eynon
Columbus, Indiana

ATTORNEYS FOR APPELLEE
Thomas J. Belcher
Shannon L. Robinson
Bloomington, Indiana

# In the
# Indiana Supreme Court

No. 03S01-0605-CV-175

ANNETTE DONICA GILES,

*Appellant (Plaintiff below)*,

v.

BROWN COUNTY, INDIANA, BY AND
THROUGH ITS BOARD OF COMMISSIONERS,

*Appellees (Defendants below)*.

Appeal from the Bartholomew Circuit Court, No. 03C01-0210-CT-1306
The Honorable Stephen R. Heimann, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 03A01-0502-CV-00087

**June 25, 2007**

**Sullivan, Justice.**

Joey Giles, a Brown County resident, called 911 to request an ambulance when he experienced chest pains and shortness of breath at his home. The enhanced emergency communication system ("E-911") forwarded his request to Columbus Regional Hospital's ambulance service. No ambulance reserved for Brown County use was available at Columbus Regional Hospital, so Columbus Regional Hospital instead contacted Bloomington Hospital and asked it to dis-

patch an ambulance. In the meantime, Joey contacted his wife, Annette Donica Giles ("Giles"). Giles returned home to find Joey attended by two volunteer firemen. The ambulance from Bloomington Hospital arrived 45 minutes later. Joey died shortly thereafter.

As Joey's surviving spouse and the representative of his estate, Giles sued Brown County, by and through its Board of Commissioners, Columbus Regional Hospital, and Joey's former health care providers. Giles alleged that Brown County and Columbus Regional Hospital had negligently failed to provide requested medical services, thereby causing Joey's death. Brown County sought summary judgment solely on the basis that it was immune under the Indiana Tort Claims Act ("ITCA"), because Joey's death resulted from the "operation" or "use" of an enhanced emergency communications system.[1] Ind. Code § 34-13-3-3(19) (Supp. 2001).[2] The trial court granted summary judgment to Brown County on grounds of immunity. A panel of the Court of Appeals reversed and remanded over the dissent of Judge Sharpnack. Giles v. Brown County, 839 N.E.2d 1258 (Ind. Ct. App. 2005). Brown County sought, and we granted, transfer. Giles v. Brown County, 855 N.E.2d 1007 (Ind. 2006) (table). (No claim related to Columbus Regional Hospital or Joey's former health care providers is before us in this appeal.)

## Discussion

Giles's theory of liability, set forth in paragraph 20 of her complaint, reads:

> Columbus Regional Hospital contracted with Brown County, Indiana to provide emergency medical services to all Brown County residents . . . , but breached its contract with Brown County as both Columbus Regional Hospital and Brown County negligently failed to provide emergency medical services to Joey L. Giles on October 25, 2000, despite his request, which failure proximately caused the death of Joey L. Giles.

---

[1] Brown County asserted this immunity in its second and third summary judgment motions. Its first summary judgment motion addressed Giles's medical malpractice claim.

[2] Formerly I.C. § 34-13-3-3(18).

2

(App. at 18.)  As such, Giles's claim against Brown County sounds in negligence. [3]

In <u>Peavler v. Board of Commisioners of Monroe County</u>, we observed:

> Immunity assumes negligence but denies liability.  Thus, the issues of duty, breach and causation are not before the court in deciding whether the government entity is immune.  If the court finds the government is not immune, the case may yet be decided on the basis of failure of any element of negligence.  This should not be confused with the threshold determination of immunity.

528 N.E.2d 40, 46-47 (Ind. 1988) (citation omitted).  Brown County sought immunity under the ITCA on grounds that Joey's death resulted from the "operation" or "use" of an enhanced emergency communications system.  I.C. § 34-13-3-3(19).  There is little we can do to improve upon the immunity analysis by Judge Sharpnack in the Court of Appeals in this case and so we adopt his dissent.  <u>Giles</u>, 839 N.E.2d at 1266 (Sharpnack, J., dissenting) (<u>citing</u> <u>Burns v. City of Terre Haute</u>, 744 N.E.2d 1038 (Ind. Ct. App. 2001), <u>trans. denied</u>, 761 N.E.2d 412 (Ind. 2001) (table); <u>Barnes v. Antich</u>, 700 N.E.2d 262 (Ind. Ct. App. 1998), <u>trans. denied</u>, 714 N.E.2d 172 (Ind. 1999) (table)).

Basing our decision on an immunity analysis requires us to address Giles's contention that I.C. § 34-13-3-3(19) (and for that matter I.C. § 36-8-16.5-46[4]) violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Privileges and

---

[3] At various places, Giles has suggested that she is entitled to recovery as a third-party beneficiary of the contract between Brown County and Columbus Regional Hospital.  The trial court held that Giles's complaint did not assert a third-party beneficiary theory of liability.  Although that determination is not before us in this appeal, we note that the Brown County Board of Commissioners entered into the contract for ambulance services with Columbus Regional Hospital for the benefit of Brown County as a whole, not for any individual resident of Brown County.  <u>See</u> <u>Ayres v. Indian Heights Volunteer Fire Dep't, Inc.</u>, 493 N.E.2d 1229, 1235 (Ind. 1986) (holding there was no third-party beneficiary contract theory available to plaintiff where township had contracted with volunteer fire department and plaintiff had lost property in a fire: "The contract entered into between the [township] trustee and the fire department was for the benefit of the residents of [the] [t]ownship as a whole.  The obligation was not particularized as to any single resident of the township.").  Though tort law has evolved since <u>Ayres</u>, e.g. <u>Benton v. City of Oakland City</u>, 721 N.E.2d 224 (Ind. 1999), <u>Mullin v. Municipal City of South Bend</u>, 639 N.E.2d 278 (Ind. 1994), its holding remains intact with respect to the contract law third-party beneficiary theory.

[4] Section 36-8-16.5-46, which is not at issue in this case, offers immunity from liability in most cases for providers of 911 service to mobile phone users.

Immunities Clause of art. I, § 12, of the Indiana Constitution. Giles's theory is that these violations result from the differing treatment of those who make calls for emergency assistance based on whether those calls are made on an E-911 system, a mobile phone, or a regular system.

Giles does not cite any authority that refers to the U.S. Constitution; however, she claims that I.C. § 34-13-3-3(19) "creates severe equal protection problems" (Appellant's Br. at 11) and violates "equal protection principles" (Appellant's Reply Br. at 5). The Equal Protection Clause of the U.S. Constitution states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Giles does not allege that a constitutionally protected right is at stake, nor does she allege that she is a member of a suspect class. Therefore, we apply the rational basis test, which requires the law scrutinized to "be 'rationally related to a legitimate governmental purpose.'" Ind. High Sch. Athletic Ass'n, Inc. v. Carlberg by Carlberg, 694 N.E.2d 222, 236 (Ind. 1997) (quoting Clark v. Jeter, 486 U.S. 456, 461 (1988)).

To establish the legitimate governmental purpose at stake in these "classifications" by the Indiana Legislature, we turn first to the Legislature's own statement. It has declared that "the provision of emergency medical services is a matter of vital concern affecting the public health, safety, and welfare of the people of Indiana." I.C. § 16-31-1-1. As the Court of Appeals noted in Burns v. City of Terre Haute, an enhanced 911 system automatically provides an emergency dispatcher with information about and a map of the caller's location that would otherwise have to be gleaned through possibly time-consuming questioning. 744 N.E.2d at 1039. Promotion of the implementation of these more advanced services is a legitimate interest for the Legislature to have pursued. Along the same lines, promotion of 911 emergency service for mobile phone callers is also a legitimate goal. In both the case of a conventional E-911 service and a wireless one, statutory immunity from liability is a reasonable and rational way for the Legislature to have furthered its legitimate interest in better emergency communication systems. Therefore, we reject Giles's claim that I.C. § 34-13-3-3(19) of the ITCA violates "equal protection principles."

Giles fares no better under the Indiana Constitution. We have held that a challenge to a statute under the Indiana Constitution's Privileges and Immunities clause is evaluated with a two-prong test:

4

Article 1, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics [that] distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

Collins v. Day, 644 N.E.2d 72, 80 (Ind. 1994). We will presume the validity of a statute, and resolve all doubts against the party asserting the statute's unconstitutionality. Ledbetter v. Hunter, 842 N.E.2d 810, 815 (Ind. 2006). The burden is on the challenger of the statute to negate every rationale for disparate treatment of two classes. Id. at 813.

Like the plaintiff in Ledbetter, id. at 814, Giles has not offered a rebuttal to possible legislative rationales for the statutes she claims violate the Privileges and Immunities Clause; thus, she fails to meet her burden to demonstrate the statutes' unconstitutionality. Instead, Giles acknowledges in her Brief in Reply to Petition to Transfer that legislatures have enacted immunity statutes related to 911 technology in order to encourage the further development of this technology. This rationale, cited by Giles herself, is sufficient to uphold the statute in the absence of any evidence from Giles that it is an illegitimate legislative basis.

## Conclusion

Having previously granted transfer, we now affirm the trial court's grant of summary judgment to Brown County.

Shepard, C.J., and Boehm and Rucker, JJ., concur. Dickson, J., dissents with separate opinion.

5

**Dickson, Justice, dissenting.**

This is an appeal from the grant of summary judgment based solely on the trial court's conclusion that Brown County is afforded immunity under Indiana Code § 34-13-3-3(19) from liability for losses from the operation of an enhanced 911 system.  As to this issue, the majority summarily adopts the analysis in Judge Sharpnack's dissent in the Court of Appeals.  I disagree.

The immunity as crafted by the statute applies to a loss that "results from" the operation or use of "an enhanced emergency communication system."  Ind. Code § 34-13-3-3(19).  As noted in the majority opinion, the parties agree that the enhanced emergency communication system "worked flawlessly."  Slip opin. at 4.  The plaintiff's claim is not for a loss that resulted from the failure of this communication system, but rather for a loss that separately resulted from the decision not to send an available ambulance due to the ambulance service's separate obligations favoring the Columbus Fire Department.[1]  The statutory immunity, in derogation of common law, must be strictly construed against limitations on the right to bring an action.  Hinshaw v. Bd. of Comm'rs of Jay County, 611 N.E.2d 637, 639 (Ind. 1993).  I favor the analysis of the Court of Appeals majority, which declined to expand the statutory emergency communication system immunity to include the subsequent dispatching decision that resulted in the alleged loss.

---

[1] This assertion is made in the plaintiff's tort claim notice, one of the documents included in the defendant's summary judgment submissions.  Appellant's App'x at 84.