DICKSON, Justice,
dissenting.
This is an appeal from the grant of summary judgment based solely on the trial court’s conclusion that Brown County is afforded immunity under Indiana Code § 34-13-3-3(19) from liability for losses from the operation of an enhanced 911 system. As to this issue, the majority summarily adopts the analysis in Judge Sharpnack’s dissent in the Court of Appeals. I disagree.
The immunity as crafted by the statute applies to a loss that “results from” the operation or use of “an enhanced emergency communication system.” Ind.Code § 34-13-3-3(19). As noted in the majority opinion, the parties agree that the enhanced emergency communication system “worked flawlessly.” Op. at 480-81. The plaintiffs claim is not for a loss that resulted from the failure of this communication system, but rather for a loss that separately resulted from the decision not to send an available ambulance due to the ambulance service’s separate obligations favoring the Columbus Fire Department.[1] The statutory immunity, in derogation of common law, must be strictly construed against limitations on the right to bring an action. Hinshaw v. Bd. of Comm’rs of Jay County, 611 N.E.2d 637, 639 (Ind.1993). I favor the analysis of the Court of Appeals majority, which declined to expand the statutory emergency communication system immunity to include the subsequent dispatching decision that resulted in the alleged loss.

. This assertion is made in the plaintiff's tort claim notice, one of the documents included in the defendant’s summary judgment submissions. Appellant's App'x at 84.